Affirmed and Memorandum Opinion filed August 23, 2005









Affirmed and Memorandum Opinion filed August 23, 2005.


 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00311-CR

____________

 

RICHARD
GLEN STURGEON, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

_____________________________________________________

 

On Appeal from the 182nd District Court

Harris County, Texas

Trial Court Cause No. 812,784

_____________________________________________________

 

M E M O R A N D U M   O P I N I O N

Appellant Richard Glen Sturgeon
appeals from his conviction for aggravated robbery. In his sole point of error,
appellant argues that the trial court erred when it excluded expert testimony
on the reliability of eyewitness identifications.  We affirm.

Background








In the early hours of Christmas
morning of 1998, two men robbed complainant Minh Nguy at gunpoint in his
driveway, taking his wallet, keys, and car. 
Later that day, police stopped appellant when they found him driving yet
another stolen car.  Police officers
found Nguy=s stolen personal items in the
possession of one of the passengers in the car. 
Realizing appellant matched the description of one of Nguy=s
attackers, police detained him.  After Nguy
identified appellant as one of the men who attacked him, appellant was charged
with aggravated robbery.

At trial, the defense proffered
the expert testimony of Dr. Steven Smith on the reliability of eyewitness
identifications.  The trial court
conducted a Kelly/Daubert[1]
hearing out of the presence of the jury. 
Dr. Smith has been a professor of cognitive psychology for the past
twenty-three years.[2]  He has published over fifty articles on
cognitive psychology in peer reviewed journals. 
Dr. Smith testified that there were hundreds of studies and experiments
addressing problems with eyewitness identification.  The studies suggest that factors such as
lighting, duration of exposure, weapon focus, and cross-racial identification
have been found to be factors affecting eyewitness identification.  However, Dr. Smith did not participate in any
of the studies, could not name the researchers or institutions involved, and
did not produce any articles regarding these studies to the court.  He produced six articles to the court, only
one of which addressed eyewitness testimony.

Dr. Smith was unfamiliar with the
facts of the case and had not interviewed anyone other than appellant.  When he did recite the facts as he knew them,
he incorrectly described the robbery as involving three men dragging Nguy from
a car when the facts show that two men approached Nguy while he was standing in
his driveway.  He further testified that
he did not intend to give an opinion as to the reliability of Nguy=s
identification but felt his role was to educate the jury regarding developments
in the study of memory.








After hearing Dr. Smith=s testimony,
the court determined that it was neither reliable nor relevant.  While the court noted that the study of
memory itself was an established science, Dr. Smith=s lack of
background in the area of eyewitness testimony called his individual
reliability on that subject into question. 
Dr. Smith was not only unfamiliar with the actual facts of the case, but
the few facts he recited were incorrect. 
Since Dr. Smith=s
testimony was not in any way tailored to the facts of the case, the court held
that his testimony was not relevant. 
Accordingly, the trial court ruled that Dr. Smith=s
testimony was inadmissible. 

Following a jury trial, appellant
was convicted of aggravated robbery and sentenced to twenty-five years=
imprisonment.  This appeal followed.

Analysis

Standard of Review

We review a judge=s
decision on the admissibility of evidence under an abuse of discretion standard
and will not reverse the court=s ruling
if it is within the zone of reasonable disagreement.  Sexton v. State, 93 S.W.3d 96, 99
(Tex. Crim. App. 2002).  Rule 702 of the
Texas Rules of Evidence states 

If scientific, technical,
or other specialized knowledge will assist the trier of fact to understand the
evidence or to determine a fact in issue, a witness qualified as an expert by
knowledge, skill, experience, training, or education may testify thereto in the
form of an opinion or otherwise.

 

Tex. R. Evid.
702.  For testimony to be admissible
under Rule 702, the party offering the testimony must demonstrate, by clear and
convincing proof, that the testimony Ais
sufficiently reliable and relevant to help the jury in reaching accurate
results.@  Kelly v. State, 824 S.W.2d 568, 572
(Tex. Crim. App. 1992).








Reliability

Reliability
may be established by showing that (1) the field of expertise is a legitimate
one, (2) the subject matter of the proposed testimony is within the scope of
that field, and (3) the testimony properly relies upon and/or uses the
principles involved in the field.  Nenno v. State, 970 S.W.2d 549, 561 (Tex.
Crim. App. 1998).  The Court of Criminal
Appeals has identified the following non-inclusive list of factors to aid in
the reliability determination:

(1) the extent to which
the underlying scientific theory and technique are accepted as valid by the
relevant scientific community, if such a community can be ascertained; (2) the
qualifications of the expert(s) testifying; (3) the existence of literature
supporting or rejecting the underlying scientific theory and technique; (4) the
potential rate of error of the technique; (5) the availability of other experts
to test and evaluate the technique; (6) the clarity with which the underlying
scientific theory and technique can be explained to the court; and (7) the
experience and skill of the person(s) who applied the technique on the occasion
in question.

 

Jordan v. State, 928
S.W.2d 550, 554 n.6 (Tex. Crim. App. 1996). 
However, the inquiry must be flexible to suit the needs of each
case.  Salazar v. State, 127
S.W.3d 355, 359 (Tex. App.CHouston
[14th Dist.] 2004, pets. ref=d).








Appellant argues that Dr. Smith=s
testimony was reliable because he demonstrated that he was a qualified
cognitive psychologist who was published in the scientifically-recognized area
of cognitive psychology.  Although Dr.
Smith may, in fact, be exceptionally qualified and well-published in the field
of cognitive psychology, he was unable to establish his credentials in the
specific field of eyewitness identification, the issue at hand.  This is in stark contrast to cases in which
expert testimony has been found reliable when the expert in question has been
specialized in the precise subject on which he is to testify.  See Russeau v. State, No. AP-74466,
___S.W.3d___, 2005 WL 1523774, at *9B10 (Tex.
Crim. App. June 29, 2005) (finding the testimony of an expert who had
specialized training in violence risk assessment was reliable on the subject of
future dangerousness); Nenno, 970 S.W.2d at 562 (concluding that an
expert with extensive experience interviewing prisoners convicted of sex
offenses against children could reliably testify regarding the personality
profile and tendencies for recidivism of offenders who sexually victimize
children).  Further, Dr. Smith was unable
to produce or name the studies or articles upon which he relied for his
opinion, and he has done no studies that have even attempted to simulate a
crime experience.  See  Weatherred v. State, 15 S.W.3d 540, 542B43 (Tex.
Crim. App. 2000) (noting that although 
expert claimed to have participated in studies on eyewitness
identification and to have published articles on the subject, he failed to
produce or even name any of the studies, researchers, or writings in question).

For these reasons, we find that
the trial court could have reasonably found that Dr. Smith=s
testimony was not reliable under Rule 702 and Kelly.

Relevance

In addition to being reliable, an
expert=s testimony
must be deemed relevant to the facts of the specific case:

The expert must make an
effort to tie pertinent facts of the case to the scientific principles which
are the subject of his testimony. . . . The question under Rule 702 is not
whether there are some facts in the case that the expert failed to take
into account, but whether the expert=s testimony took into
account enough pertinent facts to be of assistance to the trier of fact
on a fact in issue.

Jordan, 928 S.W.2d at 555B56.

Appellant argues that the judge
erred in finding that Dr. Smith=s
testimony was not relevant.  In support
of this argument, he claims that Dr. Smith=s
testimony addresses factors important to the trier of fact.  Appellant further argues that the court in Jordan
found that an expert=s
testimony must only be sufficiently tied to the facts Ato meet
the simple requirement that it be >helpful= to the
jury@ on the
issue of eyewitness reliability.  See
id. at 556. 








In response, the State argues
that the Court of Criminal Appeals has held that Ageneric
testimony@ and general Astudies@ are not
sufficient unless they are connected to the facts at issue.  See Williams v. State, 895 S.W.2d 363, 366
(Tex. Crim. App. 1994) (finding that testimony from an expert regarding the
defendant=s psychological profile was too
generic to be helpful to the jury). 
Because Dr. Smith stated that he would testify generally about the study
of human memory, made no attempt to review any of the facts, and submitted articles
completely unrelated to the issue of eyewitness reliability, the State argues
that his testimony is not relevant.  We
agree.

Courts have consistently
recognized that in order to be relevant, there is a need for at least some
familiarity with the facts of the issue on trial.  Jordan, 928 S.W.2d at 555.  In Salazar, we cited Jordan to
support our finding that the expert=s Atestimony
was explicitly offered solely as educational material for the jury to use in
assessing the complainants=
credibility@ and accordingly Awas not
sufficiently tied to the facts of the case and thus was not relevant.@  Salazar, 127 S.W.3d at 360.  During his voir dire testimony, Dr. Smith
explicitly stated that his testimony was intended for the single purpose of
educating the jury about studies in human memory.  He made no effort to relate his opinions to
the facts of the case and did not identify factors that could help the jury
except in the most general sense.  We
find that the trial court did not abuse its discretion in finding that Dr.
Smith=s
testimony was not relevant.

Because we find the trial court
did not abuse its discretion in finding that Dr. Smith=s
testimony was neither relevant nor reliable, we overrule appellant=s sole
issue and affirm the trial court=s
judgment.

 

/s/                    Leslie Brock Yates

Justice

 

Judgment rendered and Memorandum Opinion filed August 23, 2005.

Panel consists of Justices Yates and Hudson and Senior Justice
Mirabal.*

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 

 

*Senior Justice Margaret Garner Mirabal sitting by assignment.

 

 











[1]  Daubert v.
Merrell Dow Pharms., Inc., 509 U.S. 579 (1993); Kelly v. State, 824
S.W.2d 568 (Tex. Crim. App. 1992).





[2]  Cognitive
psychology encompasses the study of memory, perception, language, and problem
solving.