

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-08-024-CR

JOHN PAUL GALBRAITH                                    APPELLANT

V.

THE STATE OF TEXAS                                         STATE

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant John Paul Galbraith appeals his conviction on two counts of aggravated sexual assault of a child and two counts of indecency with a child. In two points, he argues that the trial court erred by denying his motion to sever and by admitting into evidence a letter allegedly written by Appellant over Appellant's objection that the letter was not authenticated. We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## Background

Because Appellant does not challenge the legal or factual sufficiency of the evidence, we will restrict our summary of the record to those parts necessary to provide context for Appellant's points.

A grand jury returned two indictments against Appellant. The first indictment alleged a single count of aggravated sexual assault of a child under the age of fourteen, T.P., committed in 2004. The second indictment—and the one from which this appeal arises—alleged two counts of aggravated sexual assault and two counts of indecency with a different child under the age of fourteen, M.G., committed in 2006.

The State filed a notice of its intent to consolidate the two cases for trial. Appellant filed a motion to sever the two cases "under Texas Penal Code Section 3.04." The trial court heard the motion immediately before voir dire. Appellant argued that the cases were not factually related and involved allegations of "completely different manner and means." The trial court denied the motion to sever and tried the cases together.

During its case in chief, the State offered into evidence a handwritten letter purportedly written by Appellant. To authenticate the letter, the State offered the testimony of Sergeant Billy Cordell, the Denton County deputy sheriff in charge of inmate mail at the county jail where Appellant was

2

incarcerated before trial. Sergeant Cordell testified that he reviews outgoing inmate mail and that he reviewed the letter in question when it was deposited into the prison mail system. The envelope recited the name "J. Galbraith" and Appellant's unique "SO" number in the return address. Sergeant Cordell said that he had read "quite a bit" of Appellant's mail and recognized his handwriting, which he called "easily recognizable."

Appellant objected to the letter as improperly authenticated. The trial court overruled his objection and admitted the letter into evidence. The letter contains the following sentences: "Not allowing [M.G.] to testify will totally drop the case. No witness, no case. I would give up my parental rights to her if she [would] just drop it!"

The jury acquitted Appellant on the charge concerning T.P. but convicted him on all four charges concerning M.G. The jury assessed punishment of life in prison on each of the aggravated sexual assault charges and twenty years' confinement on each of the indecency charges. The trial court rendered judgment accordingly, and Appellant filed this appeal.

### Motion to Sever

In his first point, Appellant argues that the trial court erred by denying his motion to sever.

3

A defendant may be prosecuted in a single criminal action for all offenses arising out of the same criminal episode. Tex. Penal Code Ann. § 3.02(a) (Vernon 2003). "Criminal episode" means the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person, if the offenses were committed pursuant to the same transaction or pursuant to two or more transactions that are connected to or constitute a common scheme or plan or if the offenses are the repeated commission of the same or similar offenses. *Id.* § 3.01 (Vernon 2003).

Whenever two or more offenses have been consolidated or joined for trial under section 3.02, the defendant has a right to severance of the offenses, except the right to severance does not apply to a prosecution for an offense described by section 3.03(b) unless the trial court determines that the defendant or the State would be unfairly prejudiced by joinder of the offenses. *Id.* § 3.04(a), (c) (Vernon Supp. 2008). The offenses described by section 3.03(b) include aggravated sexual assault and indecency with a child under the age of seventeen years. *Id.* § 3.03(b)(2)(A) (Vernon Supp. 2008). There is no presumption that the joinder of cases involving aggravated sexual assault against different children is unfairly prejudicial. *Salazar v. State*, 127 S.W.3d 355, 365 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) (citing *Diaz v. State*, 125 S.W.3d 739, 742–43 (Tex. App.—Houston [1st Dist.] 2003, pet.

4

ref'd.)).  The defendant must explain how he would be unfairly prejudiced by consolidation.  *Lane v. State*, 174 S.W.3d 376, 380 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd), *cert. denied*, 127 S. Ct. 246 (2006).  We review the trial court's denial of a defendant's motion for severance for abuse of discretion. *See Salazar,* 127 S.W.3d at 365.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that *states the specific grounds for the desired ruling* if they are not apparent from the context of the request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied,* 526 U.S. 1070 (1999).  The complaint on appeal must comport with the complaint raised at trial.  *Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004).

Appellant did not allege unfair prejudice in his written motion to sever. At the severance hearing, he argued that the cases should be severed because "they are not factually related" and involved "an entirely different manner and means."  In other words, Appellant argued that the cases should be severed because they did not involve the same "criminal episode" as defined by section 3.01, not because joinder was unfairly prejudicial under section 3.04(b).  Even when asked by the trial court, "[W]hy do you say that's unfairly prejudicial?" Appellant's counsel only stated that the offenses were unrelated.  Appellant did

5

not argue, as he does on appeal, that joinder would prejudice him because it forced him to divide his defense between the two indictments and allowed the State to offer evidence of the alleged offense involving T.P. that might not have been otherwise admissible in the case involving M.G.

Because Appellant's complaint on appeal does not comport with his argument at the severance hearing, we hold that he failed to preserve his complaint for our review. *See Heidelberg*, 144 S.W.3d at 537. Even if Appellant had preserved error, we would hold that the trial court did not abuse its discretion by denying the motion to sever because Appellant did not explain how he would be unfairly prejudiced by joinder as he was required to do under section 3.04(b). *See* Tex. Penal Code Ann. § 3.04(b); Tex. R. App. P. 33.1; *Lane*, 174 S.W.3d at 380 (holding trial court did not abuse its discretion in refusing severance where appellant did not explain how joinder created unfair prejudice).

Moreover, we disagree that either of the grounds argued by Appellant on appeal establishes that he was unfairly prejudiced. While evidence of other crimes is not admissible to prove the character of a person to show he acted in conformity therewith, it may be admissible for other purposes such as to rebut a defensive theory. *See* Tex. R. Evid. 404(b); *Matthews v. State*, 152 S.W.3d 723, 731 (Tex. App.—Tyler 2004, no pet.); *Salazar*, 127 S.W.3d at

6

365. One of Appellant's main defensive theories as to M.G. was that she was not telling the truth because she wanted to please those who had influence over her. We agree with the State that it is probable that the evidence relating to T.P.'s allegations against Appellant would have been admissible for that purpose even if a severance had been granted. *See Salazar*, 127 S.W.3d at 365 (holding joinder not unfairly prejudicial where it was likely that other victims' testimony would have been admissible to refute defensive theory that complainants' stories were influenced by suggestive questioning).

Nor does it appear that the refusal to sever resulted in prejudice or harm by impairing Appellant's ability to present his defenses as to either cause. Appellant's defense of the cause involving T.P. was that it was a simple case of "he said-she said" in which no new evidence was developed in the three years following the alleged single act involving her. Appellant convinced the jury of his defense as shown by its "not guilty" verdict as to T.P. Contrary to his argument on appeal, the record reveals that Appellant was able to and did concentrate his defense on M.G.'s case, including lack of physical evidence, M.G.'s inconsistent statements, and implications that she embellished and fabricated facts to please the outcry interviewer and others. Appellant has not explained how he was prevented from further developing his defense as to M.G. For these reasons, we overrule Appellant's first point.

7

## Authentication of Letter

In his second point, Appellant argues that the trial court abused its discretion by admitting the handwritten letter over his objection that it was not authenticated. We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Green v. State*, 934 S.W.2d 92, 101–02 (Tex. Crim. App. 1996), *cert. denied*, 520 U.S. 1200 (1997); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g).

The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what the proponent claims. Tex. R. Evid. 901(a). Evidence may be authenticated by the testimony of a witness with knowledge that a matter is what its proponent claims it to be, nonexpert opinion as to the genuineness of handwriting based upon familiarity not acquired for the purposes of the litigation, or other distinctive characteristics. Tex. R. Evid. 901(b)(1), (2), (4). A trial court does not abuse its discretion by admitting evidence when it reasonably believes that a reasonable juror could find that the evidence has been authenticated or identified. *Druery v. State*, 225 S.W.3d 491, 502 (Tex. Crim. App.), *cert. denied*, 128 S. Ct. 627 (2007).

Sergeant Cordell identified the letter as having been written by Appellant based on his familiarity with Appellant's handwriting from other letters he had reviewed as part of his jailhouse duties and from Appellant's name and unique "SO" number in the envelope's return address. Appellant argues that Sergeant Cordell's testimony did not authenticate the letter because he did not testify that he personally knew Appellant, that there was only one person with Appellant's name in the Denton County Jail on the date Sergeant Cordell reviewed the letter, or what Appellant's SO number was. But rule 901(b) does not require that the person authenticating a writing personally know the author, as opposed to knowing the author's handwriting. *See* Tex. R. Evid. 901(b). Further, and contrary to Appellant's argument, Sergeant Cordell did testify that the SO number on the envelope was Appellant's unique SO number, which also eliminates the possibility that a different John Galbraith wrote the letter.

We hold that Sergeant Cordell's identification of the letter from his familiarity with Appellant's handwriting and Appellant's name and SO number on the envelope sufficiently authenticated the letter as having been written by Appellant. Therefore, the trial court did not abuse its discretion by admitting the letter into evidence over Appellant's authentication objection, and we overrule his second point.

9

## Conclusion

Having overruled both of Appellant's points, we affirm the trial court's judgment.

PER CURIAM

PANEL:    GARDNER, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 6, 2008