NOS. 07-09-00026-CR, 07-09-00027-CR, 07-09-00028-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



MAY
13, 2010

 



 

RODOLFO R. SOSA, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 427TH DISTRICT COURT OF TRAVIS
COUNTY;

 

NOS. D-1-DC-06-100022, D-1-DC-06-300403, D-1-DC-06-3004436

 

HONORABLE JON N. WISSER, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

 

Appellant, Rodolfo Sosa, appeals
Judgments of Conviction by Jury that found appellant guilty of five counts of
indecency with a child by contact[1]
and one count of indecency with a child by exposure.[2]  The trial court then sentenced appellant to
ten years incarceration in the Institutional Division of the Texas Department
of Criminal Justice.  By
one issue, appellant appeals.  We
affirm.

Background

            Appellant
was accused of indecency with a child based on conduct involving three boys
ranging in age from eleven to thirteen. 
Appellant came into contact with these boys through his employment as a
maintenance man at various apartment complexes and as a minister of a
church.  

            One
of these boys, C.G., became friends with appellant after meeting him at
church.  C.G. described an incident in
which appellant came up behind C.G. and hugged him while whispering into C.G.’s
ear that he loved him.  C.G. indicated
that he could feel appellant’s penis on his buttocks and that he could tell
appellant was aroused.  On two separate
occasions, appellant rubbed C.G.’s upper thigh, near C.G.’s crotch.  C.G. also described an incident in which
appellant took C.G. to an empty apartment, pulled down C.G.’s pants, touched
C.G.’s genitals and buttocks, and masturbated in front of C.G.  Following this, appellant then put C.G.’s penis
in his mouth and, despite C.G.’s requests that appellant stop, appellant
continued until C.G. ejaculated.

            Another
of the boys, O.Z., also met appellant at church.  Appellant began giving O.Z. rides to and from
church.  O.Z. described two instances
when appellant rubbed his leg and told O.Z. that he loved him or cared for
him.  On another occasion, appellant took
O.Z. to an empty apartment and told O.Z. that the apartment was where appellant
and C.G. had sex.  While in this
apartment, appellant attempted to kiss O.Z., but O.Z. moved his head.  Finally, O.Z. described one occasion when
appellant followed him into a storage closet at the church and hugged him from
behind.  O.Z. said that he could feel
appellant’s penis through their clothes.

            The
final boy, J.B., described an incident when appellant came to J.B.’s apartment
to fix a cupboard.  J.B. was alone in the
apartment.  Appellant sat down on the
couch and told J.B. to sit by him.  When
J.B. complied, appellant undid the drawstring on J.B.’s sweatpants and put his
hands on J.B.’s inner thigh and penis.

            Appellant
was indicted for committing the offenses of indecency with a child by contact
against each of the three boys and indecency with a child by exposure against
C.G.  Prior to trial, the State moved to
consolidate all of the pending charges against appellant.  Appellant moved to sever the trials, but this
motion was denied by the trial court. 
Following trial, a jury found appellant guilty of all charges, and the
trial court sentenced appellant to ten years incarceration in each cause.  Appellant then timely filed notice of appeal.

            By
one issue, appellant contends that the trial court erred in denying appellant’s
motion to sever the separate causes resulting in unfair prejudice to appellant.

Standard of Review

            A
trial court’s denial of a defendant’s motion for severance is reviewed for
abuse of discretion.  See Salazar
v. State, 127 S.W.3d 355, 365 (Tex.App.--Houston
[14th Dist.] 2004, pet. ref’d).  A trial court abuses its discretion when the
trial court’s decision is arbitrary, unreasonable, and made without reference
to guiding rules or principles.  See Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Crim.App. 1991) (op. on reh’g).

Law and Analysis

A defendant may be prosecuted in a
single criminal action for all offenses arising out of the same criminal
episode.  Tex. Penal Code Ann. § 3.02(a) (Vernon 2003).[3]  "Criminal episode" means the
commission of two or more offenses, regardless of whether the harm is directed
toward or inflicted upon more than one person, if the offenses were committed
pursuant to the same transaction or pursuant to two or more transactions that
are connected to or constitute a common scheme or plan, or if the offenses are
the repeated commission of the same or similar offenses.  § 3.01 (Vernon 2003).

When two or more offenses have been
joined for trial under section 3.02, the defendant has a right to severance of
the offenses, except when the defendant is being prosecuted for an offense
described by section 3.03(b), in which case, severance is permitted only when
the trial court determines that the defendant or the State would be unfairly
prejudiced by joinder of the offenses.  § 3.04(a), (c) (Vernon 2003).  The offenses described by section 3.03(b)
include indecency with a child under the age of seventeen years.  § 3.03(b)(2)(A)
(Vernon Supp. 2009); see § 21.11. 
There is no presumption that the joinder of
cases described by section 3.03(b) that were allegedly committed against
different children is unfairly prejudicial. 
See Salazar, 127 S.W.3d at 365 (citing Diaz v. State,
125 S.W.3d 739, 742-43 (Tex.App.--Houston [1st Dist.]
2003, pet. ref'd.)). The burden to show how he would
be unfairly prejudiced by consolidation rests with the defendant.  See Lane v. State, 174 S.W.3d
376, 380 (Tex.App.--Houston [14th Dist.] 2005, pet. ref'd).

            Initially,
appellant seems to contend that the facts and circumstances surrounding the
allegations made in the present causes are so different that they do not
constitute “the repeated commission of the same or similar offenses,” § 3.01,
and, therefore, the trial court erred in denying appellant’s motion to sever.  Because appellant’s issue challenges the
denial of the motion to sever, we must initially determine whether the trial
court abused its discretion in denying the motion on the basis that the causes
were not appropriate for consolidation.  Appellant attempts to distinguish adverse case
law by highlighting the facts that these causes involved three separate victims
that were not members of appellant’s family, and the offenses were singular
occurrences rather than recurrent. 
However, nothing in the case law cited by appellant establishes that any
of these factors are required to establish that offenses are sufficiently
similar to justify consolidation.  After
reviewing the record, we conclude that these offenses were sufficiently similar
to justify consolidation.  The
similarities include: each of the three victims were in the same age range when
assaulted by appellant, appellant met each of the three victims through his
position of employment, and many of appellant’s statements and actions were
consistent with each child.  As such, we
cannot say that the trial court abused its discretion in denying appellant’s
motion on the basis that the offenses were not sufficiently similar to justify joinder.  See
§§ 3.01, 3.02(a).

However, even if causes under section
3.03(b) are properly joined, severance is appropriate if the defendant or State
would be unfairly prejudiced by the joinder.  § 3.04(a), (c).  Appellant contends that the testimony of the
victims, when taken separately, reveals flaws and inconsistencies that were
masked by the consolidation of the cases. 
Further, appellant contends that the admission of the testimony from
each of the victims in the same proceeding impermissibly bolstered the
testimony of each victim.

As previously stated, when the
charged offenses are offenses described by section 3.03(b), there is no
presumption that the joinder of cases allegedly
committed against different children is unfairly prejudicial.  See Salazar, 127
S.W.3d at 365.  Additionally, it
is well-established that evidence of other crimes may be admitted in a case if
it rebuts a defensive theory.  See
Moses v. State, 105 S.W3d 622, 627 (Tex.Crim.App. 2003). 
Appellant’s defensive theories at trial primarily consisted of denying
that he committed the offenses and claiming that the victims’ testimony was
inconsistent or coached.  As such, even
if the severance had been granted, it is likely that, in each case, the
testimony of the other victims would have been admissible to refute the
defensive theories that the victims’ testimony is unreliable or was the result
of coaching.  See Salazar, 127 S.W.3d at 365. 
Therefore, we conclude that the trial court could have reasonably found
that the joinder of the cases was not unfairly
prejudicial to appellant.  Id. at 365-66. 
Consequently, the trial court did not abuse its discretion in denying
appellant’s motion for severance.  We
overrule appellant’s issue.

 

Conclusion

For the foregoing reasons, we
overrule appellant’s sole appellate issue and affirm the judgment of the trial
court.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

Do not publish.  

 

 

            








 











[1] See Tex.
Penal Code Ann.
§ 21.11(a)(1) (Vernon Supp. 2009).

 





[2]
See Tex. Penal Code Ann. § 21.11(a)(2)(A).





[3]
Further
references to provisions of the Texas Penal Code will be by reference to
“section __” or “§ __.”