NOS. 07-09-00026-CR, 07-09-00027-CR, 07-09-00028-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 13, 2010

_____

RODOLFO R. SOSA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 427TH DISTRICT COURT OF TRAVIS COUNTY;

NOS. D-1-DC-06-100022, D-1-DC-06-300403, D-1-DC-06-3004436

HONORABLE JON N. WISSER, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Rodolfo Sosa, appeals Judgments of Conviction by Jury that found appellant guilty of five counts of indecency with a child by contact[1] and one count of indecency with a child by exposure.[2] The trial court then sentenced appellant to ten years incarceration in the Institutional Division of the Texas Department of Criminal Justice. By one issue, appellant appeals. We affirm.

---

[1] See TEX. PENAL CODE ANN. § 21.11(a)(1) (Vernon Supp. 2009).

[2] See TEX. PENAL CODE ANN. § 21.11(a)(2)(A).

Background

Appellant was accused of indecency with a child based on conduct involving three boys ranging in age from eleven to thirteen. Appellant came into contact with these boys through his employment as a maintenance man at various apartment complexes and as a minister of a church.

One of these boys, C.G., became friends with appellant after meeting him at church. C.G. described an incident in which appellant came up behind C.G. and hugged him while whispering into C.G.'s ear that he loved him. C.G. indicated that he could feel appellant's penis on his buttocks and that he could tell appellant was aroused. On two separate occasions, appellant rubbed C.G.'s upper thigh, near C.G.'s crotch. C.G. also described an incident in which appellant took C.G. to an empty apartment, pulled down C.G.'s pants, touched C.G.'s genitals and buttocks, and masturbated in front of C.G. Following this, appellant then put C.G.'s penis in his mouth and, despite C.G.'s requests that appellant stop, appellant continued until C.G. ejaculated.

Another of the boys, O.Z., also met appellant at church. Appellant began giving O.Z. rides to and from church. O.Z. described two instances when appellant rubbed his leg and told O.Z. that he loved him or cared for him. On another occasion, appellant took O.Z. to an empty apartment and told O.Z. that the apartment was where appellant and C.G. had sex. While in this apartment, appellant attempted to kiss O.Z., but O.Z. moved his head. Finally, O.Z. described one occasion when appellant followed him into

a storage closet at the church and hugged him from behind. O.Z. said that he could feel appellant's penis through their clothes.

The final boy, J.B., described an incident when appellant came to J.B.'s apartment to fix a cupboard. J.B. was alone in the apartment. Appellant sat down on the couch and told J.B. to sit by him. When J.B. complied, appellant undid the drawstring on J.B.'s sweatpants and put his hands on J.B.'s inner thigh and penis.

Appellant was indicted for committing the offenses of indecency with a child by contact against each of the three boys and indecency with a child by exposure against C.G. Prior to trial, the State moved to consolidate all of the pending charges against appellant. Appellant moved to sever the trials, but this motion was denied by the trial court. Following trial, a jury found appellant guilty of all charges, and the trial court sentenced appellant to ten years incarceration in each cause. Appellant then timely filed notice of appeal.

By one issue, appellant contends that the trial court erred in denying appellant's motion to sever the separate causes resulting in unfair prejudice to appellant.

Standard of Review

A trial court's denial of a defendant's motion for severance is reviewed for abuse of discretion. See Salazar v. State, 127 S.W.3d 355, 365 (Tex.App.--Houston [14th Dist.] 2004, pet. ref'd). A trial court abuses its discretion when the trial court's decision is arbitrary, unreasonable, and made without reference to guiding rules or principles. See Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Crim.App. 1991) (op. on reh'g).

Law and Analysis

A defendant may be prosecuted in a single criminal action for all offenses arising out of the same criminal episode. TEX. PENAL CODE ANN. § 3.02(a) (Vernon 2003).[3] "Criminal episode" means the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person, if the offenses were committed pursuant to the same transaction or pursuant to two or more transactions that are connected to or constitute a common scheme or plan, or if the offenses are the repeated commission of the same or similar offenses. § 3.01 (Vernon 2003).

When two or more offenses have been joined for trial under section 3.02, the defendant has a right to severance of the offenses, except when the defendant is being prosecuted for an offense described by section 3.03(b), in which case, severance is permitted only when the trial court determines that the defendant or the State would be unfairly prejudiced by joinder of the offenses. § 3.04(a), (c) (Vernon 2003). The offenses described by section 3.03(b) include indecency with a child under the age of seventeen years. § 3.03(b)(2)(A) (Vernon Supp. 2009); see § 21.11. There is no presumption that the joinder of cases described by section 3.03(b) that were allegedly committed against different children is unfairly prejudicial. See Salazar, 127 S.W.3d at 365 (citing Diaz v. State, 125 S.W.3d 739, 742-43 (Tex.App.--Houston [1st Dist.] 2003, pet. ref'd.)). The burden to show how he would be unfairly prejudiced by consolidation

_____

[3] Further references to provisions of the Texas Penal Code will be by reference to "section __" or "§ __."

4

rests with the defendant.  See Lane v. State, 174 S.W.3d 376, 380 (Tex.App.--Houston [14th Dist.] 2005, pet. ref'd).

Initially, appellant seems to contend that the facts and circumstances surrounding the allegations made in the present causes are so different that they do not constitute "the repeated commission of the same or similar offenses," § 3.01, and, therefore, the trial court erred in denying appellant's motion to sever.  Because appellant's issue challenges the denial of the motion to sever, we must initially determine whether the trial court abused its discretion in denying the motion on the basis that the causes were not appropriate for consolidation.  Appellant attempts to distinguish adverse case law by highlighting the facts that these causes involved three separate victims that were not members of appellant's family, and the offenses were singular occurrences rather than recurrent.  However, nothing in the case law cited by appellant establishes that any of these factors are required to establish that offenses are sufficiently similar to justify consolidation.  After reviewing the record, we conclude that these offenses were sufficiently similar to justify consolidation.  The similarities include: each of the three victims were in the same age range when assaulted by appellant, appellant met each of the three victims through his position of employment, and many of appellant's statements and actions were consistent with each child.  As such, we cannot say that the trial court abused its discretion in denying appellant's motion on the basis that the offenses were not sufficiently similar to justify joinder.  See §§ 3.01, 3.02(a).

However, even if causes under section 3.03(b) are properly joined, severance is appropriate if the defendant or State would be unfairly prejudiced by the joinder. § 3.04(a), (c). Appellant contends that the testimony of the victims, when taken separately, reveals flaws and inconsistencies that were masked by the consolidation of the cases. Further, appellant contends that the admission of the testimony from each of the victims in the same proceeding impermissibly bolstered the testimony of each victim.

As previously stated, when the charged offenses are offenses described by section 3.03(b), there is no presumption that the joinder of cases allegedly committed against different children is unfairly prejudicial. See Salazar, 127 S.W.3d at 365. Additionally, it is well-established that evidence of other crimes may be admitted in a case if it rebuts a defensive theory. See Moses v. State, 105 S.W3d 622, 627 (Tex.Crim.App. 2003). Appellant's defensive theories at trial primarily consisted of denying that he committed the offenses and claiming that the victims' testimony was inconsistent or coached. As such, even if the severance had been granted, it is likely that, in each case, the testimony of the other victims would have been admissible to refute the defensive theories that the victims' testimony is unreliable or was the result of coaching. See Salazar, 127 S.W.3d at 365. Therefore, we conclude that the trial court could have reasonably found that the joinder of the cases was not unfairly prejudicial to appellant. Id. at 365-66. Consequently, the trial court did not abuse its discretion in denying appellant's motion for severance. We overrule appellant's issue.

Conclusion

For the foregoing reasons, we overrule appellant's sole appellate issue and affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.