Shannon James WHEAT, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 10–04–00048–CR.**

Court of Appeals of Texas,
Waco.

Feb. 23, 2005.

---

**1.** The majority fails to comply with *Goodman v. State,* 66 S.W.3d 283, 286–87 (Tex.Crim. App.2001).

Richard E. Wetzel, Austin, for appellant.

Bill R. Turner, Brazos County Dist. Atty., Douglas Howell III, Brazos County Asst. Dist. Atty., Bryan, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## MEMORANDUM OPINION

BILL VANCE, Justice.

Appellant, Shannon James Wheat, was convicted on a three count indictment. In front of the jury, Wheat pled guilty to counts one and three alleging indecency with a child (two different victims), and he pled not guilty to count two alleging sexual assault with the same victim and offense-date as count three. The guilt-innocence phase of count two followed. Wheat was convicted by the jury on all three counts.[1] After a punishment hearing, the jury assessed punishment at seven years and a fine of $5,000 on the first count, 15 years and a $5,000 fine on the second count, and eight years and a $5,000 fine on the third count. The trial court cumulated the three sentences.

Wheat appeals in six issues: (1) error in failing to provide admonishments required by the Texas Code of Criminal Procedure article 26.13 to ensure voluntariness of Wheat's guilty pleas to the first and third counts; (2) abuse of discretion in denying a motion for severance of the second count from the first and third counts; (3) error in refusing a severance of count two from counts one and three as a matter of law; (4) error in refusing to submit a charge instructing the jury regarding double jeopardy relating to punishment for the second and third counts; (5) denial of his right to a pre-sentence report before the trial court cumulated the three sentences; and (6) error in cumulating the sentences on the third count and first count.

We will sustain issue two, reverse the three convictions, sever count two from counts one and three, and remand for a new trial on count two and a new punishment hearing on the guilty pleas to counts one and three. Based on issue two, we need not address issues three, four, and six. We note that the State admitted error in issues one and five; however, we will not perform a harm analysis on these issues because we reverse the judgments for another reason.

## PROCEDURAL BACKGROUND

Wheat was indicted in a three count indictment: (1) on or about June 1, 2001, indecency with a child, J.C.; (2) on or about June 1, 2001, aggravated sexual assault with a child, J.W.;[2] and (3) on or about June 1, 2001, indecency with a child, J.W. TEX. PEN.CODE ANN. § 21.11 (Vernon 2003), § 22.011 (Vernon Supp.2004–05). Wheat intended to plead guilty to counts one and three. Prior to trial, Wheat sought a severance of count two from counts one and three on the basis that hearing such pleas in the same trial would prejudice his opportunity to defend against

---

1. The court instructed the jury to find him guilty of counts one and three.

2. This count was initially aggravated sexual assault, but it was modified after voir dire to sexual assault.

count two, in which he intended to plead not guilty. TEX. PEN.CODE ANN. § 3.04(c) (Vernon 2003). The trial court denied the motion for severance. The guilty pleas to counts one and three were heard in front of the jury. Next, the same jury heard the guilt-innocence phase of count two. The jury was then charged and found Wheat guilty on the three counts. This same jury assessed punishment for the three counts, and the judge cumulated the three sentences.

## FACTUAL BACKGROUND

Wheat was the lead athletic trainer at Livingston High School. He offered to take student trainers to his grandmother's farm to work for a day and make some money. Often they did not return the same day so they would stay overnight in a hotel. J.W. testified that Wheat would give him pills to prevent him from snoring, and he would fall asleep quickly. J.W. testified that Wheat put his mouth on J.W.'s penis on four occasions, and there was hand or oral contact on 30 different occasions. J.W. also testified that he told the officer that the oral contact may or may not have been a dream. The defense presented evidence of count one and other offenses committed by Wheat to demonstrate a common scheme of touching and not oral contact: (1) J.C. testified that Wheat took him on a trip, gave him a pill at the motel, and touched J.C.'s penis, but there was no oral contact; (2) J.F. testified that Wheat took him on a trip, attempted to touch J.F.'s penis, but there was no contact with Wheat's mouth; and (3) T.H. testified that Wheat took him on a trip, touched T.H.'s penis, but Wheat made no contact with his mouth.

**3.** Section 3.03(b)(2) includes offenses under Section 21.11 (counts one and three) and 22.011 (count two).

## ISSUE TWO: SEVERANCE

### Standard

Texas Penal Code section 3.04(c) states:

The right to severance under this section does not apply to a prosecution for offenses described by Section 3.03(b)(2)[3] unless the court determines that the defendant or the state would be unfairly prejudiced by a joinder of offenses, in which event the judge may order the offenses to be tried separately or may order other relief as justice requires.

TEX. PEN.CODE ANN. § 3.04(c). Thus, this section provides for a discretionary severance only in the event the trial court determines the defendant or the state would be unfairly prejudiced by a joinder of offenses. *Id.* We review a denial of a discretionary severance under an abuse of discretion standard. *See Howard v. State,* 888 S.W.2d 166, 170–71 (Tex.App.-Waco 1994, pet. ref'd).

### Arguments

Wheat argues that if the trial court had granted the severance: (1) the jury would not have learned of the indecency offenses involving J.C. and J.W. until the punishment phase, if any, of the trial on count two;[4] (2) Wheat would not have been placed in the unique position of presenting his own extraneous offenses as a defense to the offense charged in count two (*i.e.,* Wheat says he was compelled to present such evidence as a defense to count two); (3) extraneous offenses involving J.F. and T.H. would not have been presented during the guilt-innocence phase as defensive evidence; and (4) Wheat's presumption of innocence on count two would not have been unfairly prejudiced. Wheat asserts

**4.** He concedes this evidence would have been admissible then under Texas Code of Criminal Procedure article 37.07 section 3(a)(1).

that in the absence of a severance he "was placed in the untenable position of either giving up his right to plead guilty or giving up his right to contest guilt to a different offense charged in count two." He argues that "[h]e did neither and suffered the consequences of unfair prejudice by joinder of the three offenses." Wheat also argues that the trial court should have conducted the statutorily-mandated unitary guilty plea proceeding on counts one and three.

The State relies on *Salazar v. State* and argues that Wheat was not unfairly prejudiced by the denial of the motion to sever, because it is "likely" that the testimony of the victims in counts one and three would have been admissible to refute Wheat's defensive theory even if the cases had been tried separately. *See Salazar v. State*, 127 S.W.3d 355, 365 (Tex.App.-Houston [14th Dist.] 2004, pet. ref'd). The State claims that Wheat's defensive theories were: (1) attacking the memory of the victim in count two; (2) attacking the detective's interview with the victim as being suggestive; and (3) offering testimony of other victims to support the theory of no oral contact by Wheat, only touching.

### Relevant Law

**1. Discretionary severance under section 3.04(c)**

We found two related cases regarding discretionary severance under section 3.04(c). We will review these cases; however, we note at the outset that neither of the cases involved any guilty pleas and thus do not directly address the issue of whether denying a motion to sever cases involving both guilty and not guilty pleas under section 3.04(c) is an abuse of discretion.

In *Salazar v. State*, a motion to sever was denied for four counts of aggravated sexual assault against four victims, and appellant argued that the denial was un-

fairly prejudicial against him. *Salazar*, 127 S.W.3d at 365. The appellant's defense consisted of: (1) denying that the conduct occurred; (2) suggesting that the female victims concocted the allegations to hide the fact that appellant caught two of them doing something (of a sexual nature) they should not have been doing; (3) claiming that the allegations were the result of suggestive questioning by investigators; and (4) presenting evidence of appellant's good character. *Id.* The court noted that "[i]t is well-established that evidence of other crimes may be admitted if it rebuts a defensive theory." *Id.* (citing *Moses v. State*, 105 S.W.3d 622, 626 (Tex. Crim.App.2003), and *Wolfberg v. State*, 73 S.W.3d 441, 443 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd)). The court held:

> Therefore, even if the cases had been tried separately, it is *likely* that in each case the testimony of the other victims would have been admissible to refute the defensive theories that the complainants concocted the story and that the allegations were the result of suggestive questioning.... Accordingly, we find that the trial court could have reasonably found that joinder of the cases was not unfairly prejudicial against appellant; thus, the court did not abuse its discretion in trying the cases together.

*Id.* at 365–66 (emphasis added).

The court in *Matthews v. State* followed *Salazar* and found the denial of a motion to sever did not unfairly prejudice the appellant in a case involving ten indecency-with-a-child charges and one aggravated sexual assault charge. *Matthews v. State*, 152 S.W.3d 723, 730–31 (Tex.App.-Tyler 2004, no pet. h.). In *Matthews*, appellant's defensive theory was that the allegations against him were concocted to extort the proceeds of an insurance check from him, or otherwise, as a result of lack of parental attention, anger, resentment, or general

exposure to familial dysfunction. *Id.* at 731. The court held:

> [E]ven had Appellant's cases been tried separately, it is **probable** that the testimony of the other victims would have been admissible to refute the defensive theory that the complainants for whatever reason, concocted the story. . . . We conclude that the trial court could have reasonably found that joinder of the cases was not unfairly prejudicial against Appellant. Therefore, we hold that the trial court did not abuse its discretion in trying the cases together.

*Id.* at 731 (emphasis added).

## 2. Bifurcation

▇ Section 2(a) of article 37.07 of the Texas Code of Criminal Procedure states:

> In all criminal cases, other than misdemeanor cases of which the justice court or municipal court has jurisdiction, which are tried before a jury on a plea of not guilty, the judge shall, before argument begins, first submit to the jury the issue of guilt or innocence of the defendant of the offense or offenses charged, without authorizing the jury to pass upon the punishment to be imposed.

Tex.Code Crim. Proc. Ann. art. 37.07 § 2(a) (Vernon Supp.2004–05). The Texas Court of Criminal Appeals has stated:

> Prior to the 1965 Code of Criminal Procedure all trials before the court or jury regardless of plea were unitary trials; that is, the issues of guilt and punishment were submitted at the same time. A bifurcated trial procedure was authorized in the 1965 revision of the Code of Criminal Procedure. The bifurcation statute provides, "In all criminal cases, other than misdemeanor cases of which the justice court or municipal court has jurisdiction, which are tried before a jury on a plea of **not guilty,** the judge

> shall, before argument begins, first submit to the jury the issue of guilt or innocence of the defendant of the offense or offenses charged, without authorizing the jury to pass upon the punishment to be imposed." The bifurcation statute "is applicable only to pleas of **not guilty** before a jury." The statute "has no application to a trial before the court on a plea of not guilty."

*Barfield v. State,* 63 S.W.3d 446, 449–50 (Tex.Crim.App.2001) (footnotes omitted and emphasis added). Thus, once a guilty plea has been entered, the trial is not to be bifurcated, but rather a unitary procedure is to be used, regardless of whether the guilty plea is entered before a trial judge or a jury. *Ricondo v. State,* 634 S.W.2d 837, 841 (Tex.Crim.App.1982).

### *Relevant Record Excerpts*

During the hearing on the motion to sever, Wheat's attorney argued that Wheat would be prejudiced if his client has to say "Yes, I'm guilty of this, yes, I'm guilty of that, but, no, I'm not guilty of this other offense." Wheat's attorney also argued for unitary proceedings on the guilty pleas. He stressed that not only did he not want the jury to hear the guilty pleas to counts one and three, but he also said that "there may be bad reputation witnesses, there may be other bad acts that come in." The court considered hearing the trial on the guilt-innocence phase of count two first, hearing the guilty pleas on counts one and three outside the presence of the jury, and then regardless of the verdict on count two, have the jury assess punishment. Wheat's attorney argued, and the court agreed, that "if this jury is going to hear everything, then we've got to voir dire on everything [including the full range of punishment]." The court concluded: "I think that inasmuch as Counts Two and Three are so intrinsically tied together, and inasmuch as I think that

there is a strong likelihood that Count One could be—I mean, I'm not foreclosing the issue—but could be offered under 404(B), even as to Counts Two and Three only, if we were to try Count Two separately. I'm disinclined to grant the motion to sever. That will be overruled . . . ."

During voir dire, Wheat's attorney stated:

Unlike most trials, in this case we have multiple counts. And unlike most trials, in this case, you're going to hear that Shannon is pleading guilty to two of those counts. Now there is going to be one count that is going to be for you to decide whether the Government proves its case beyond a reasonable doubt.

During Wheat's opening statement, his attorney stated:

Nobody is standing here telling you there was never any contact—improper contact—and that's why my client has pled guilty to those two charges.

The question here is, though (1) Has the government proved beyond a reasonable doubt that there was contact between Shannon Wheat's mouth and [J.W.]'s penis?

What we're going to do is a little unusual, but we're going to call for you to listen to some other persons who were student trainers that my client had contact with, some of whom were improper contact with, and I think you're going to see that there was a common thread among these folks and that was that Shannon Wheat—I'm not defending this, please don't misunderstand me—but Shannon Wheat would do similar kinds of things.

And what he would do is he would touch their penis; some on the outside of their clothing, some on the inside of their clothing. And that's important, I think, when you make a determination based on what you've heard as to wheth-

er or not Shannon Wheat had oral contact with [J.W.].

### Analysis

■ When defensive theories may change, as we believe they could when a motion to sever separate offenses with guilty and not guilty pleas is denied, we cannot apply the analysis used in *Salazar* and *Matthews*, where the courts considered whether it was "likely" (*Salazar*) or "probable" (*Matthews*) that the testimony of the other victims would have been admissible to refute a defensive theory. *See Salazar*, 127 S.W.3d at 365–66; *Matthews*, 152 S.W.3d at 730–31. We cannot know: (1) what the defensive theory would have been; (2) what objections would have been made to evidence of other offenses; and (3) whether evidence of other offenses would have been admitted, had the severance been granted and Wheat not been confronted with how to handle offenses to which he had pled guilty. Thus, we must consider whether Wheat was unfairly prejudiced when the trial court denied his motion to sever. Tex. Pen.Code Ann. § 3.04(c).

Prior to voir dire and hearing of the pleas, the trial judge was informed that Wheat was seeking a severance because he intended to plead guilty to counts one and three and it would be prejudicial for the jury to hear his guilty pleas along with count two. The trial judge eventually allowed the State to tell the potential jurors that Wheat intended to plead guilty to counts one and three. The trial judge also heard the guilty pleas in front of the jury, which forced Wheat to use an "unusual" defensive theory. Once the trial judge was informed that Wheat intended to plead guilty to counts one and three, he should have conducted unitary proceedings on those two counts. Wheat was unfairly prejudiced on count two by the unautho-

rized bifurcated trial on the guilty pleas for counts one and three. *See Ricondo,* 634 S.W.2d at 841.

We find that denial of a severance of these counts was unfairly prejudicial to Wheat. *See* TEX. PEN.CODE ANN. § 3.04(c). Therefore, we hold that the trial court abused its discretion in trying the three counts together in a bifurcated proceeding. *See Howard,* 888 S.W.2d at 170–71. Counts one and three should have been severed from count two, and a unitary proceeding should have been conducted for counts one and three. We sustain issue two.

## CONCLUSION

Having sustained issue two, we need not address issues three, four, and six, nor perform a harm analysis for the errors admitted by the State in issues one and five. We reverse the three convictions, sever count two from counts one and three, and remand the cause for a new trial on count two and a new punishment hearing on the guilty pleas to counts one and three. *See* TEX.CODE CRIM. PROC. ANN. art. 44.29 (Vernon Supp.2004–05).

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

One of the most difficult standards of review to apply is the abuse-of-discretion standard. It is an easy test to state and most people have some notion of what it means just by the label. It becomes a bit more problematic, however, when you actually try to define the standard. It serves no useful purpose here to catalog all the different ways that the test has been described to try to actually define how to objectively test a trial court's decision by an abuse-of-discretion standard. Probably the most complex test is the one defined by Justice John Powers in *Landon v. Jean–Paul Budinger, Inc.,* from the Aus-

tin Court of Appeals in 1987. *Landon v. Jean–Paul Budinger, Inc.,* 724 S.W.2d 931, 934–937 (Tex.App.-Austin 1987, no writ). The test is cumbersome and time consuming. Parties do not brief in light of this description of the test because courts seldom attempt to use it. On the other end of the spectrum of descriptions for the abuse-of-discretion standard of review would be something like, "the trial court's decision is within the zone of reasonable disagreement." *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex.Crim.App.1990) (op. on reh'g).

And oh how easy it is to find an abuse-of-discretion when the reviewer simply disagrees with the trial court. Indeed, if the case law on the issue that defines the test gets in the way, go around it. Never mind there was no specific objection made, and no argument that told the trial court what the complaint on appeal would be: the failure to sever will make me present a defensive theory I would not otherwise pursue involving presenting other extraneous bad acts that may prejudice my client on the guilt or innocence determination on count two.

In this case, "[a]ppellant argued that prosecution in a single criminal action would present a myriad of problems including unitary trial, bifurcated trial, prejudice, the decision whether to testify, and difficulty on voir dire." Appellant's brief, pg. 12. Appellant ultimately contends "[i]f the trial court had granted the severance, appellant would not have been placed in the unique position of presenting his own extraneous offenses as a defense to the offence charged in count two." Appellant's brief, pg. 12. If Wheat had made this specific argument in connection with the motion for severance, the trial court would have been informed of the specific problem that Wheat now wants to argue on appeal. This argument was not made

as a ground for the severance. The trial court made its ruling on the severance motion based on the information and complaints then before it. We should review it based on the state of the record at the time the ruling was made.

From my review, it seems pretty clear the defense was going to be the same whether these counts were severed or not. Defense counsel never argued otherwise at trial. Now on appeal, he expands his grounds for severance to include a complaint not made at trial. I would review the ruling on the motion based upon the grounds and complaints actually presented under the relevant case law and hold the trial court did not abuse its discretion.

I would then proceed to review the other issues raised by Wheat. But a single vote will not change the result; so I will yield to a more timely response, note my dissent, and await the time with patience until I can review the remaining issues. *In the Interest of S.A.P.*, 135 S.W.3d 165, 177–178 (Tex.App.-Waco 2004) (Gray, C.J., dissenting), *rev'd,* 156 S.W.3d 574 (Tex.2005).