In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00042-CR
______________________________


ORIAN LEE SCOTT, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 20463


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Orian Lee Scott appeals from his convictions on three counts of inducing a sexual
performance by a child, three counts of producing or promoting a sexual performance by
a child, and three counts of possession of child pornography. The trial court stacked the
jury's recommended sentences for each conviction, resulting in a total prison term of 100
years. The cases have been appealed separately, but have been briefed together.
Â Â Â Â Â Â Â Â Â Â Because the briefs and arguments raised therein are identical in all three appeals,
for the reasons stated in Scott v. State, No. 06-05-00041-CR, we likewise resolve the
issues in this appeal. Because the State produced legally insufficient evidence that Scott
"induced" the sexual conduct as contemplated by Tex. Pen. Code Ann. Â§ 43.25(b) (Vernon
Supp. 2004â2005), we reverse and render a judgment of acquittal with respect to the
convictions for inducing a sexual performance of a child. Since we have determined there
was harm associated with the trial court's error in failing to sever Counts III to which Scott
pled guilty and which were subject to mandatory rather than discretionary severance, we
reverse and remand the matter for a new trial on Counts II concerning production or
promotion of a sexual performance and a new punishment hearing on Counts III to which
Scott pled "guilty." See Tex. Code Crim. Proc. Ann. art. 26.14 (Vernon 1989); art.
44.29(b) (Vernon Supp. 2004â2005); Wheat v. State, 160 S.W.3d 631, 634 (Tex.
App.âWaco 2005, no pet.).
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Donald R. Ross
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â July 13, 2005
Date Decided:Â Â Â Â Â Â Â Â Â September 8, 2005

Do Not Publish



mphetamine. 
Ostensibly, the State offered this testimony to suggest a financial motive for Greenlee to commit the
alleged crime. The record shows that Greenlee raised an objection to Vail's testimony before she
took the witness stand:

 [GREENLEE]: . . . I would like to make an objection, if I could at this
time --


 . . . . 


 to that rebuttal witness [Vail] and to the relevancy of that -- over the weight of the
prejudice. It has no relevancy in this burglary case at all, other than to prejudice the
jury.


 . . . .

 

 It's highly prejudicial, and I just want to put on the record that it's brought me harm
and surprise. I just want to put that on the record. I'm claiming that, because it has
no relevancy at all to this charge.

 

 THE COURT: You've heard Dr. Vail testify before.

 

 [GREENLEE]: Yes, sir, I have in a prior case where her testimony
would have been -- it would have been relevant in the other case.

 

 THE COURT: I guess what I mean is you're not surprised by what you
know she's going to say. Your position is you just don't believe that her testimony --
you believe the prejudicial effect outweighs the probative value of that case?

 

 [GREENLEE]: Yes, sir, due to the fact -- due to the fact that it's really
not relevant in this case, Your Honor.


The trial court overruled Greenlee's general relevancy objection, as well as the specific probative-versus-prejudicial balancing objection, to Vail's expected testimony. See Tex. R. Evid. 402, 403. 
Greenlee did not seek, nor did he obtain, a running objection to Vail's expected testimony. 

 The record shows that Greenlee failed to renew his earlier general relevancy or his earlier
Rule 403 balancing objection once Vail took the witness stand and testified about Greenlee's
methamphetamine addiction. (5) This failure to reassert his earlier objections waived Greenlee's second
issue for our review. See id.

 Having concluded that the only issues now asserted were not properly preserved for appellate
review, we affirm the trial court's judgment.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: December 15, 2008

Date Decided: December 19, 2008


Do Not Publish
1. This case was transferred to this Court from the Twelfth District Court of Appeals in Tyler
as part of the Texas Supreme Court's docket equalization program. We are not aware of any conflict
between the precedent of the Tyler Court and the precedent of this Court on any issue relevant in this
appeal. See Tex. R. App. P. 41.3.
2. This was actually Greenlee's second jury trial in this case. The trial court declared a mistrial
in November 2005 when the first jury could not arrive at a unanimous verdict. 
3. The applicable punishment range in this case was raised to that of a second-degree felony
due to Greenlee's previous felony convictions. See Tex. Penal Code Ann. §Â 12.42(a)(2) (Vernon
Supp. 2008).
4. Greenlee's original appeal was dismissed by the Twelfth Court of Appeals for want of
prosecution. See Greenlee v. State, No. 12-06-00026-CR, 2006 Tex. App. LEXIS 3544 (Tex.
App.--Tyler Apr. 28, 2006, no pet.) (mem. op., not designated for publication). The Texas Court
of Criminal Appeals subsequently granted Greenlee a new, out-of-time appeal. See Ex parte
Greenlee, AP-75,876, 2008 Tex. Crim. App. Unpub. LEXIS 218 (Tex. Crim. App. Mar.Â 19, 2008)
(not designated for publication). 
5. Greenlee did raise a single hearsay objection concerning Greenlee's admission to Vail, made
during the scope of her provision of psychiatric treatment of Greenlee, about his lengthy history of
intravenous methamphetamine use. The trial court overruled this single, hearsay objection.