**Shannon James WHEAT, Appellant**

v.

**The STATE of Texas.**

**No. PD–0474–05.**

Court of Criminal Appeals of Texas.

Nov. 16, 2005.

Richard E. Wetzel, Austin, for appellant.

Douglas Howell, III, Asst. D.A., Bryan, Matthew Paul, State's Attorney, Austin, for state.

### *OPINION*

PER CURIAM.

Appellant was convicted in a single trial of two counts of indecency with a child and one count of sexual assault. His punishment was assessed at seven and eight years on the indecency charges and fifteen years on the sexual assault charge. The Court of Appeals reversed and remanded. *Wheat v. State,* 160 S.W.3d 631 (Tex.App.-Waco, 2005). Appellant and the State

---

**9.** *See* Tex.Code Crim. Proc. Art. 42.03, § 2(a).

have filed petitions for discretionary review.

On appeal, Appellant contended that the trial court erred by failing to grant his motion to sever the indecency with a child counts, to which Appellant pled guilty, from the sexual assault count, to which Appellant pled not guilty. The court of appeals held that the trial court abused its discretion by not granting the severance, because joining the cases for trial was unfairly prejudicial to Appellant. See Penal Code § 3.04(c). The court of appeals held:

> Having sustained ground two, we need not ... perform a harm analysis for the errors admitted by the State in issues one and five. We reverse the three convictions, sever [the sexual assault count from indecency with a child counts] and remand the cause for a new trial on [the sexual assault count] and a new punishment hearing on the guilty pleas to [the indecency with a child counts].

Appellant's petition contends the court of appeals erred by not conducting a harm analysis of his first point of error dealing with the trial court's failure to admonish him before accepting his guilty pleas, as required by Tex.Code Crim. Pro. Art. 26.13. Appellant contends that the failure to admonish him rendered his plea involuntary, and the proper remedy for an involuntary plea is a new trial, not merely a new punishment hearing. Ground two of the State's petition argues that the court of appeals erred by not conducting a harm analysis of the error it found in the trial court's failure to sever the offenses. In *Cain v. State*, 947 S.W.2d 262 (1997), this court held that except for certain federal constitutional errors deemed structural by the United States Supreme Court, no error is categorically immune from a harm analysis.

Accordingly, we grant Appellant's petition for discretionary review and ground two of the State's petition for discretionary review, vacate the judgment of the court of appeals, and remand to that court for reconsideration consistent with this opinion.