IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 







NO. PD-0474-05







SHANNON JAMES WHEAT, Appellant



v.



THE STATE OF TEXAS






ON APPELLANT'S AND STATE'S PETITIONS 


FOR DISCRETIONARY REVIEW FROM THE TENTH


 COURT OF APPEALS, BRAZOS COUNTY







 Per Curiam.


O P I N I O N 



 Appellant was convicted in a single trial of two counts of indecency with a child and
one count of sexual assault. His punishment was assessed at seven and eight years on the
indecency charges and fifteen years on the sexual assault charge. The Court of Appeals
reversed and remanded. Wheat v. State, 160 S.W.3d 631 (Tex. App. - Waco, 2005). 
Appellant and the State have filed petitions for discretionary review. 

 On appeal, Appellant contended that the trial court erred by failing to grant his motion
to sever the indecency with a child counts, to which Appellant pled guilty, from the sexual
assault count, to which Appellant pled not guilty. The court of appeals held that the trial
court abused its discretion by not granting the severance, because joining the cases for trial 
was unfairly prejudicial to Appellant. See Penal Code § 3.04 (c). The court of appeals held:

 Having sustained ground two, we need not . . . perform a harm analysis for the
errors admitted by the State in issues one and five. We reverse the three
convictions, sever [the sexual assault count from indecency with a child
counts] and remand the cause for a new trial on [the sexual assault count] and
a new punishment hearing on the guilty pleas to [the indecency with a child
counts]. 


 Appellant's petition contends the court of appeals erred by not conducting a harm
analysis of his first point of error dealing with the trial court's failure to admonish him before
accepting his guilty pleas, as required by Tex. Code Crim. Pro. Art. 26.13. Appellant
contends that the failure to admonish him rendered his plea involuntary, and the proper
remedy for an involuntary plea is a new trial, not merely a new punishment hearing. Ground
two of the State's petition argues that the court of appeals erred by not conducting a harm
analysis of the error it found in the trial court's failure to sever the offenses. In Cain v. State,
947 S.W. 2d 262 (1997), this court held that except for certain federal constitutional errors
deemed structural by the United States Supreme Court, no error is categorically immune from
a harm analysis. 

 Accordingly, we grant Appellant's petition for discretionary review and ground two
of the State's petition for discretionary review, vacate the judgment of the court of appeals,
and remand to that court for reconsideration consistent with this opinion.


Delivered: November 16, 2005

Publish