**Shannon James WHEAT, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 10–04–00048–CR.**

Court of Appeals of Texas,
Waco.

June 7, 2006.

Jim W. James, Law Office of Jim W. James, Bryan, for appellant.

Bill R. Turner, Brazos County Dist. Atty., Bryan, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION ON REMAND

BILL VANCE, Justice.

Appellant, Shannon James Wheat, was convicted on a three count indictment. In front of the jury, Wheat pled guilty to counts one and three alleging indecency with a child (two different victims), and he pled not guilty to count two alleging sexual assault with the same victim and offense-date as count three. The guilt-innocence phase of count two followed. Wheat was convicted by the jury on all three counts.[1] After a punishment hearing, the jury assessed punishment at seven years and a

fine of $5,000 on the first count, 15 years and a $5,000 fine on the second count, and eight years and a $5,000 fine on the third count. The trial court cumulated the three sentences.

Wheat raised six issues concerning admonishments, severance of the second count from the first and third counts, charge error, lack of a pre-sentence report, and error in cumulating the sentences. The State admitted error in two issues. We sustained a severance issue, severed count two from the others, and ordered a new trial as to count two and a new punishment hearing as to counts one and three.

In a per curiam opinion, the Court of Criminal Appeals, noting that the State complained that we failed to do a harm analysis on the severance issue and that Wheat complained that we failed to conduct a harm analysis on the admonishment issue that the State had conceded, summarily vacated our judgment and remanded the cause. *Wheat v. State*, 178 S.W.3d 832, 833 (Tex.Crim.App.2005) (per curiam) (citing *Cain v. State*, 947 S.W.2d 262 (Tex. Crim.App.1997) ("except for certain federal constitutional errors deemed structural by the United States Supreme Court, no error is categorically immune from a harm analysis")); *see also Llamas v. State*, 12 S.W.3d 469, 470–71 (Tex.Crim.App.2000) (harm analysis in failure to grant mandatory right of severance).

## HARM FROM FAILURE TO SEVER?

Texas Penal Code section 3.04(c) states:

The right to severance under this section does not apply to a prosecution for offenses described by Section 3.03(b)(2)[2] unless the court determines that the defendant or the state would be unfairly

---

1. The court instructed the jury to find him guilty of counts one and three.

2. Section 3.03(b)(2) includes all these offenses.

prejudiced by a joinder of offenses, in which event the judge may order the offenses to be tried separately or may order other relief as justice requires. TEX. PEN.CODE ANN. § 3.04(c) (Vernon Supp.2005).

### Arguments on Remand

Among the arguments Wheat advances on remand to demonstrate that harm flowed from the failure to sever are:

- Counsel was compelled to inform the jury panel of Wheat's intent to plead guilty to two offenses while maintaining his innocence as to the third;
- Wheat was required to enter his plea of guilty to two counts before the same jury that was about to try him for the third;
- Those two pleas were unadmonished pleas;
- Trial on those two counts was erroneously bifurcated;
- The prosecutor's reliance on the guilty pleas in the determination of guilt-innocence on the contested count;
- The trial court's sua sponte instruction that the jury could consider the guilty pleas as evidence on the contested count;
- No limiting instructions in the court's charge during the guilt-innocence phase;
- The jury was directed to find Wheat guilty on the two uncontested counts; and
- The uncontested counts were alluded to during jury selection, opening statements, and the prosecutor's final argument.

The State continues to rely on *Salazar v. State* because, it says, it is "likely" that the testimony of the victims in counts one and three would have been admissible to refute Wheat's defensive theory even if the cases had been tried separately.[3] *See Salazar v. State*, 127 S.W.3d 355, 365 (Tex. App.-Houston [14th Dist.] 2004, pet. ref'd). We rejected that argument in our original opinion, along with one based on *Matthews v. State*, 152 S.W.3d 723, 730–31 (Tex.App.-Tyler 2004, no pet. h.), that it was "probable" that the offenses would be admitted into evidence. We further note that even if those theories are applicable, pleas of guilty before the jury at the beginning of a trial are qualitatively different from and have a different effect than evidence presented as extraneous offenses during trial.

The State also relies on the absence of remarks from the jury panel concerning the impact of the guilty pleas, the defense's ability to present evidence and argument on the contested offense, an instruction the trial court gave during the State's opening argument, and the nature of the defense presented, *i.e.*, that the victim was under the age of 14.

### Factors to Consider

 In assessing the likelihood that the jury's decision was adversely affected by the error, we consider everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case. *Morales v. State*, 32 S.W.3d 862, 867 (Tex.Crim.App.2000). We can also consider the jury instructions given by the trial judge, the State's theory and any defensive theories, closing arguments

---

**3.** The San Antonio Court reached essentially the same result in *Tovar v. State*, 165 S.W.3d

785 (Tex.App.-San Antonio 2005, no pet.).

and even voir dire, if material to appellant's claim. *Id.*

### Discussion

█ Reviewing under an abuse-of-discretion standard, we found that the trial court erred in failing to determine that the defendant would be unfairly prejudiced by the failure to sever offenses under these circumstances. *See id.; Wheat v. State,* 160 S.W.3d 631 (Tex.App.-Waco, 2005), *rev'd,* 178 S.W.3d 832, 833 (Tex.Crim.App. 2005) (per curiam). But our opinion went further and found that Wheat had been unfairly prejudiced by the failure to sever. *Wheat,* 160 S.W.3d at 637. We now reiterate that finding to determine that the error "had a substantial or injurious affect on the jury verdict." *See Morales,* 32 S.W.3d at 867 (DWI prosecution; citing *Llamas,* 12 S.W.3d 469, 471 n. 2).

█ We detailed the bifurcation problem, the arguments made to the trial court about the consequences of failing to grant the motion to sever, the statements made by counsel to the jury about the guilty pleas, the defense strategy in light of the motion's denial, the uncertainty in analyzing what would have happened had the motion been granted, and other factors in our original opinion. *Wheat,* 160 S.W.3d at 634–36. Based on that analysis and on our review of the evidence admitted, the character of the error and how it interacted with the evidence and theories actually presented in the case, the jury instructions given at various times by the trial judge, the State's theory and any defensive theories, the presentations, opening statements and closing arguments as they relate to Wheat's claim, we find that the error had a substantial or injurious effect on the jury verdict, thereby affecting Wheat's substantial rights. *Morales,* 32 S.W.3d at 867;

Tex.R.App. P. 44.2(b); *see also Scott v. State,* 173 S.W.3d 856, 868–69 (Tex.App.-Texarkana 2005, pet. granted).

Counts one and three should have been severed from count two, and a unitary proceeding should have been conducted for counts one and three. Because the trial court did not sever and because that decision resulted in harm to Wheat, we again sustain issue two.

### Failure to Admonish

Because we will reverse for a new trial on count two and a new punishment hearing on counts one and three,[4] we do not reach the question of whether the failure to admonish, conceded by the State to be error, harmed Wheat.

### CONCLUSION

We reverse the judgments, sever count two from counts one and three, and remand the cause for a new trial on count two and a new punishment hearing on the guilty pleas to counts one and three. *See* Tex.Code Crim. Proc. Ann. art. 44.29 (Vernon Supp.2005).

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

It should come as no surprise that on remand when the majority simply rewords their opinion, they come to the same conclusion. I do not believe their conclusion is any more supportable now than it was then. I dissent for the same reasons I dissented before, and I hope we get the same result, again. *Wheat v. State,* 160 S.W.3d 631, 637–38 (Tex.App.-Waco), *vacated and remanded,* 178 S.W.3d 832 (Tex. Crim.App.2005).

---

**4.** Wheat's brief on remand does not request a new trial on counts one and three.