

# NUMBER 13-24-00347-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**GEORGE ALVAREZ**                                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                        **Appellee.**

---

## ON APPEAL FROM THE 197TH DISTRICT COURT
## OF CAMERON COUNTY, TEXAS

---

# OPINION

**Before Chief Justice Tijerina and Justices Cron and Fonseca
Opinion by Justice Cron**

On May 7, 2023, appellant George Alvarez drove his vehicle into a crowd of people, killing eight and injuring ten others. As to each death, the State indicted Alvarez for both intoxication manslaughter and manslaughter, both second-degree felonies, *see* TEX. PENAL CODE ANN. §§ 19.04, 49.08, and for each of the ten injured he was charged with aggravated assault with a deadly weapon, also a second-degree felony. *See id.*

§ 22.02. At the beginning of trial, Alvarez pleaded guilty to each manslaughter count and each aggravated assault with a deadly weapon count but not guilty to each intoxication manslaughter count. Over Alvarez's objection, the trial court permitted the State to proceed on the intoxication manslaughter counts, and conducted a bifurcated proceeding. The jury eventually returned a guilty verdict on all twenty-six counts. On the State's motion, the trial court dismissed the manslaughter counts, and the jury assessed punishment on the remaining eighteen counts. The trial court elected to stack three of the intoxication manslaughter counts, resulting in a total sentence of sixty years' imprisonment. *See id.* § 3.03(b)(1)(A).

Alvarez argues on appeal that double jeopardy bars convictions for both intoxication manslaughter and manslaughter, and thus, the trial court erred by failing to proceed to a unitary trial on his guilty pleas to the manslaughter counts. He additionally complains that the trial court erred by failing to follow our prior decision, *Ex parte Alvarez*, No. 13-23-00378-CR, 2024 WL 2970836, at *1 (Tex. App.—Corpus Christi–Edinburg June 13, 2024, no pet.) (mem. op., not designated for publication), and declining to release him on a personal recognizance bond prior to trial. Lastly, he contends that the trial court erred by denying his motion for continuance. Because we disagree that Alvarez's double jeopardy rights were violated, and having found no merit in his other arguments, we affirm.

2

## I.  BACKGROUND[1]

### A.  Motions Hearing

On June 21, 2024, three days prior to the commencement of trial, the trial court held a hearing on various motions, including Alvarez's motion to quash the indictment on double jeopardy grounds because the intoxication manslaughter and manslaughter counts were the same offense for double jeopardy purposes. *See Ervin v. State*, 991 S.W.2d 804, 817 (Tex. Crim. App. 1999). Alvarez claimed he could not "be put on trial for both" without his double jeopardy protections being violated. The trial court denied the motion.

Relying on our recent decision in *Ex parte Alvarez*,[2] 2024 WL 2970836, Alvarez next requested the trial court to hold a hearing and grant his request for a personal recognizance bond. The trial court ultimately denied Alvarez's request but indicated its willingness to listen to any evidence he had for reducing the bond apart from relying on the opinion without a mandate. On announcement of "not ready," Alvarez orally requested a continuance to "resolve the bond issue," which was denied.

Additionally, on this same day, Alvarez filed a petition for stay of trial and writ of mandamus in this Court seeking a stay of the trial set to begin the upcoming Monday. This Court denied the petition and the request to stay the trial in this matter. *In re Alvarez*, No. 13-24-00328-CR, 2024 WL 3155887, at *1 (Tex. App.—Corpus Christi–Edinburg June 24, 2024, orig. proceeding) (mem. op., not designated for publication). The trial

---

[1] We only recite the facts that are necessary for disposition of the appeal.

[2] The mandate in *Ex parte Alvarez* issued on August 29, 2024. *See* No. 13-23-00378-CR, 2024 WL 2970836, at *1 (Tex. App.—Corpus Christi–Edinburg June 13, 2024, no pet.) (mem. op., not designated for publication).

3

court, after acknowledging this Court's denial of the stay, received ready announcements from the parties, and trial ensued.

## B.    Jury Trial

After the jury was sworn in and the indictment read, Alvarez pleaded not guilty to the intoxication manslaughter counts, guilty to the manslaughter counts, and guilty to the aggravated assault with a deadly weapon counts. After Alvarez's pleas, the trial court informed the jury that it would break for the day and excused them. When the trial court inquired into how the trial should proceed, Alvarez asserted that since the Double Jeopardy Clause bars convictions for both intoxication manslaughter and manslaughter for the same victim, the trial court must instruct the jury of his guilty pleas and proceed with punishment. Alvarez further argued that since he pleaded after the jury was impaneled, it became "a unitary trial, and the Court has to instruct the jurors to find him guilty."

Before the jury was brought back in the next day, the trial court made the following ruling on Alvarez's double jeopardy argument:

> [T]he ruling of the Court is that the State will be allowed to go forward with regards to the intoxication portion of their manslaughter. Since you have already ple[a]d[ed] to the manslaughter portion of it, then the issue will go back to the jury as to whether this constitutes intoxication manslaughter. And they will be instructed either way to find him guilty of manslaughter. And the punishment will be meted out as to one of them only, so that we're clear.

The State then presented eleven witnesses during its case in chief. After the State rested and the jury was excused, Alvarez asked the trial court to "throw [intoxication manslaughter] out" on double jeopardy grounds because he has already pleaded to manslaughter. The trial court again overruled Alvarez's double jeopardy complaint. The

4

defense presented one witness and then rested. During the charge conference, Alvarez objected in pertinent part that the charge did not provide a limitation of deciding intoxication manslaughter or manslaughter. After the State responded, the trial court overruled the objection. Both parties closed, and the jury was then sent to deliberate. They returned a guilty verdict on all twenty-six felony counts.[3]

Before starting the punishment phase, the State moved in open court to dismiss the manslaughter counts. A written motion to dismiss the manslaughter counts was also filed, and the trial court signed an order dismissing those counts on June 28, 2024. After both parties presented their cases, the jury was given a charge on punishment for the intoxication manslaughter and aggravated assault with a deadly weapon counts only. They assessed Alvarez's punishment at twenty years on each intoxication manslaughter count and fifteen years on each aggravated assault with deadly weapon count. The trial court stacked the sentence for three of the intoxication manslaughter counts for a total term of sixty years' imprisonment, and the trial court ordered that the sentences for the aggravated assault with a deadly weapon counts were to run concurrently. A judgment of conviction was entered on June 28, 2024, reflecting the same. This appeal followed.

## II.    UNITARY TRIAL

By his first issue, Alvarez complains that double jeopardy bars convictions for both intoxication manslaughter and manslaughter, and, thus, the trial court erred by failing to proceed to a unitary trial on his guilty pleas to the manslaughter counts. Stated differently, Alvarez complains that the trial court conducted a bifurcated proceeding. He further

---

[3] The jury also found in the affirmative that Alvarez exhibited a deadly weapon during the commission of the offense for the intoxication manslaughter counts.

5

complains that he was harmed because the trial court elected to stack some of his intoxication manslaughter sentences, an option that would have been unavailable if he had only been convicted of manslaughter.

The State responds that the trial court did not err because well-settled law permits the State to proceed to trial against Alvarez on two offenses that are the same for double jeopardy purposes, and it also allows the trial court to submit both offenses to the jury. Further, the State argues that "[t]he fact that [Alvarez] pleaded guilty to only *some* of the counts is significant because it meant that the remaining counts, the counts to which he pleaded not guilty, necessitated resolution by the jury."

## A. Applicable Law

### 1. Double Jeopardy

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, *see Ramos v. State*, 636 S.W.3d 646, 651 (Tex. Crim. App. 2021), protects defendants from multiple punishments for the same offense. *See Illinois v. Vitale*, 447 U.S. 410, 415 (1980) ("The Double Jeopardy Clause of the Fifth Amendment provides that no person shall be subject for the same offence to be twice put in jeopardy of life or limb." (internal quotation omitted)); *Sledge v. State*, 666 S.W.3d 592, 599 (Tex. Crim. App. 2023) ("Double jeopardy is a legal issue rooted in the Texas and federal constitutions.") (first citing U.S. CONST. amend. V; and then citing TEX. CONST. art. I, § 14). A multiple-punishments violation can occur "[w]hen the same conduct is punished under two distinct statutes where the Legislature only intended for the conduct to be punished once." *Garfias v. State*, 424

S.W.3d 54, 58 (Tex. Crim. App. 2014).

Under *Blockburger v. United States*, 284 U.S. 299, 304 (1932), "two separately defined statutory offenses are presumed not to be the same so long as each requires proof of an elemental fact that the other does not." *Ramos*, 636 S.W.3d at 651 (citations omitted). However, the *Blockburger* presumption is rebuttable. *Id*. The Texas Court of Criminal Appeals in *Ervin* set forth eight nonexclusive factors for courts to consider in deciding whether the *Blockburger* presumption has been overcome. *See id*.; *Ervin*, 991 S.W.2d 814. "[A] double jeopardy analysis is an exercise in statutory construction, a question of law that we review de novo." *Gunter v. State*, 673 S.W.3d 335, 342 (Tex. App.—Corpus Christi–Edinburg 2023, pet. ref'd) (citations omitted). "[T]he true inquiry in a multiple-punishments case is whether the Legislature intended to authorize the separate punishments." *Garfias*, 424 S.W.3d at 58 (citation omitted).

### 2.    Unitary/Bifurcated Proceeding

"Prior to the 1965 Code of Criminal Procedure all trials before the court or jury regardless of plea were unitary trials; that is, the issues of guilt and punishment were submitted at the same time." *Barfield v. State*, 63 S.W.3d 446, 449 (Tex. Crim. App. 2001) (en banc) (internal quotation omitted). In the 1965 revision of the Texas Code of Criminal Procedure, a bifurcated trial procedure was authorized. *Id*. It provides that:

> In all criminal cases, other than misdemeanor cases of which the justice court or municipal court has jurisdiction, *which are tried before a jury on a plea of not guilty*, the judge shall, before argument begins, first submit to the jury the issue of guilt or innocence of the defendant of the offense or offenses charges, without authorizing the jury to pass upon the punishment to be imposed. If the jury fails to agree on the issue of guilt or innocence, the judge shall declare a mistrial and discharge the jury, and jeopardy does not attach in the case.

TEX. CODE CRIM. PROC. ANN. art. 37.07, § 2(a) (emphasis added); *Barfield*, 63 S.W.3d at 449 (citations omitted).

But "the bifurcation statute applies only to pleas of not guilty before a jury." *Barfield*, 63 S.W.3d at 450; *see also Karl v. State*, No. 2-08-243-CR, 2008 WL 5194300, at *1 (Tex. App.—Fort Worth Dec. 11, 2008, no pet.) (mem. op., not designated for publication) (citation omitted). A plea of guilty to the jury, on the other hand, causes the trial to become unitary. *In re State ex rel. Tharp*, 393 S.W.3d 751, 757 (Tex. Crim. App. 2012) (orig. proceeding) (stating that "[b]oth statute and caselaw are unequivocal that a plea of guilty causes the trial to become unitary"); *State ex rel. Mau v. Third Ct. of Appeals*, 560 S.W.3d 640, 645 (Tex. Crim. App. 2018) ("In many previous felony cases, we have held that, when a defendant changes his plea from not guilty to guilty, but does not waive his right to a jury trial, the proceeding becomes a unitary trial, and the jury's primary function is to assess punishment." (collecting cases)); *Ricondo v. State*, 634 S.W.2d 837, 841 (Tex. Crim. App. 1981) (en banc) (op. on reh'g); *Frame v. State*, 615 S.W.2d 766, 767 n.1 (Tex. Crim. App. 1981); *Eberhardt v. State*, 437 S.W.3d 582, 583 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd); *see also* TEX. CODE CRIM. PROC. ANN. art. 26.14.

## B. Analysis

Intoxication manslaughter and manslaughter are the same offense for double jeopardy purposes when each offense involves the same victim. *Ervin*, 991 S.W.2d at 817. However, contrary to Alvarez's argument, a multiple-punishments double jeopardy violation did not occur here because the record shows that the trial court dismissed all eight of the manslaughter counts, which had the same eight victims as in the intoxication manslaughter counts, and entered judgment against him only on the intoxication

8

manslaughter counts and the aggravated assault with a deadly weapon counts.[4] *See Ex parte Aubin*, 537 S.W.3d 39, 43 (Tex. Crim. App. 2017). A multiple-punishment violation occurs "upon the entry of judgment" not before. *Id*.; *Ball v. United States*, 470 U.S. 856, 865 (1985) ("If, upon the trial, the district judge is satisfied that there is sufficient proof to go the jury on both counts, he should instruct the jury as to the elements of each offense. Should the jury return guilty verdicts for each count, however, the district judge should enter judgment on only one of the statutory offenses."); *Jones v. State*, 712 S.W.3d 151, 157 (Tex. App.—Corpus Christi–Edinburg 2024, no pet.) (overruling appellant's first issue that "his conviction under Count II violated his right to be free from successive prosecutions under the Double Jeopardy Clause" after explaining that "the State was permitted to prosecute [appellant] for both [intoxication manslaughter and manslaughter] and the trial court was authorized to submit both counts to the jury" (citations omitted)). Although we have decided that no double jeopardy violation occurred, we nevertheless next address Alvarez's contention that he was entitled to a unitary trial on his guilty pleas because this argument (although presented as intertwined) is not dependent on an underlying double jeopardy violation.

Of note, Alvarez has presented us with no caselaw in which an appellate court discussed whether a trial court committed error in conducting a bifurcated proceeding where a defendant entered guilty pleas to some counts and not guilty to others from the same indictment. We found two from sister courts, though one lacks precedential value. *Compare Wheat v. State*, 196 S.W.3d 350, 353 (Tex. App.—Waco June 7, 2006, pet.

---

[4] The ten victims in the aggravated assault with a deadly weapon counts are different than those in the intoxication manslaughter and manslaughter counts.

ref'd) (op. on remand) (finding harm and reversing where trial court failed to sever two counts to which appellant pleaded guilty from a count to which he pleaded not guilty), *with Evans v. State*, No. 03-01-00350-CR, 2002 WL 534141, at *2 (Tex. App.—Austin April 11, 2002, no pet.) (mem. op., not designated for publication) (explaining that after appellant pleaded guilty to the first count and not guilty to the second count, the trial proceeded as if both pleas had been "not guilty" but this was "harmless error, if error at all, under the circumstances"), *overruled in part on other grounds by Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010).

Recognizing that neither *Wheat* nor *Evans* discussed the offenses at issue (intoxication manslaughter and manslaughter), we decline to follow *Wheat* in finding harm. *See Wheat*, 196 S.W.3d at 353; *see also Evans*, 2002 WL 534141, at *1. Unlike the defendant in *Wheat*, Alvarez did not move to sever any of the twenty-six counts.[5] *See Wheat*, 196 S.W.3d at 353; *see also Wheat v. State*, 160 S.W. 631, 632–33 (Tex. App.—Waco Feb. 23, 2005, pet. granted), *rev'd* 178 S.W.3d 832, 833 (Tex. Crim. App. 2005) (per curiam). Indeed, our review of the record reveals that Alvarez sought to prevent the State from trying him at all on the intoxication manslaughter counts, not to try them separately. As such, while the appellate court in *Evans* was not presented with a trial procedure complaint, as here, we nonetheless follow its lead insofar as when a trial court is confronted with a unique situation of different pleas to multiple counts in the same indictment, like Alvarez did here, the trial court's decision to conduct a bifurcated proceeding as opposed to a unitary proceeding is harmless error, if at all. *See* TEX. R.

---

[5] We decline to analyze whether Alvarez would have even been entitled to a severance since this question is not before us.

APP. P. 44.2(b); *see also Evans*, 2002 WL 534141, at *2.

We find support for this decision by looking to other Texas Court of Criminal Appeal's decisions in which an incorrect trial proceeding was conducted before one factfinder (as here), but such error was found to be harmless or not warranting reversal. *See Barfield*, 63 S.W.3d at 450 (noting that "[a]lthough a bifurcated trial without a jury is not authorized, it is not necessarily a harmful error"); *Frame*, 615 S.W.2d at 768 n.1 (affirming but noting that "[a]lthough erroneous, bifurcating a guilty plea trial does not constitute reversible error under" prior precedent); *Ricondo*, 634 S.W.2d at 842 ("The fact, however, that the proceeding was not so converted [from bifurcated to unitary on the defendant's change of a previously entered plea of not guilty, made upon his refusal to plea, to guilty] was irregular but does not in and of itself call for reversal." (citations omitted)). Accordingly, we overrule Alvarez's first issue.

### III.  PRETRIAL DETAINMENT

By issue two, Alvarez argues that the trial court erred "by ignoring the judgment of the appeal[s] court requiring the release of . . . [him] on bond" and that this harmed his ability to prepare for trial. The State responds that the trial court did not err because the mandate had not been handed down and argues Alvarez's contention is arguably moot. On reply, Alvarez argued, among other things, that "the State's mootness argument fails to acknowledge the well-established principle that criminal defendants' constitutional rights to prepare for trial are fundamentally impaired by pretrial detention."

### A.  Applicable Law

"A case becomes moot on appeal when the judgment of the appellate court can no longer have an effect on an existing controversy or cannot affect the rights of the

11

parties." *Jack v. State*, 149 S.W.3d 119, 123 n.10 (Tex. Crim. App. 2004). And "where the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are rendered moot." *Bennet v. State*, 818 S.W.2d 199, 200 (Tex. App.—Houston [14th Dist.] 1991, no pet.) (quotation omitted).

**B.     Analysis**

In *Ex parte Alvarez*, we concluded that, because Alvarez "was detained in jail on felony charges without indictment for more than 90 days," the trial court erred by failing to either order his release on personal bond or reduce the bond amount. 2024 WL 2970836, at *3 (applying TEX. CODE CRIM. PROC. ANN. art. 17.151, § 1(1) ("A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within . . . 90 days from the commencement of his detention if he is accused of a felony . . . .")). We noted that Alvarez's issue was not moot because, though he had been indicted by the time of the appeal, he remained "subject to pretrial confinement." *Id.* at *2.

Here, Alvarez's second issue is moot because after our decision, Alvarez was tried and convicted of the underlying offenses, and thus, he is no longer subject to pretrial detention. *See Martinez v. State*, 826 S.W.2d. 620, 620 (Tex. Crim. App. 1992) (en banc) ("Applicant has been convicted of the underlying offense and is no longer subject to pretrial confinement. Therefore, applicant's petition is moot and we will not address the merits of his petition."); *Ex parte Tucker*, 3 S.W.3d 576, 576 (Tex. Crim. App. 1999) (en banc) (per curiam) ("The appellant having been tried during the pendency of this appeal, the question of his pre-trial bond is moot."); *Danziger v. State*, 786 S.W.2d 723, 724 (Tex.

12

Crim. App. 1990) (en banc) (per curiam); *Lopez v. State*, 672 S.W.3d 915, 926–27 (Tex. App.—Corpus Christi–Edinburg 2023, pet ref'd) ("Because appellant has been convicted of the underlying offense and is no longer subject to pretrial confinement, his issue regarding the denial of his application for a pretrial writ of habeas corpus seeking bail reduction is moot." (citation omitted)); *see also Vasquez v. State*, No. 13-04-00169-CR, 2007 WL 241375, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 28, 2007, no pet.) (mem. op., not designated for publication) (same); *Ex parte Alvarez*, 2024 WL 2970836, at *3 (observing that, at the time, the appeal had not been rendered moot by "appellant's release on a personal recognizance bond or his subsequent conviction").

There is no action this Court can now take regarding the trial court's decision to deny setting a bond in accordance with our prior decision that will cause any effect as he is no longer confined pre-trial but is instead confined following his convictions in the underlying case. *See Jack*, 149 S.W.3d at 123 n.10; *Martinez*, 826 S.W.2d. at 620; *Armendarez v. State*, 798 S.W.2d 291, 291 (Tex. Crim. App. 1990); *Lopez*, 672 S.W.3d at 927; *Bennet*, 818 S.W.2d at 200 ("Appellant's second point of error regarding lowering bail is now moot, because appellant is now legally confined pursuant to a guilty verdict in the underlying robbery case.").

Even if the issue were not moot, construing Alvarez's contention that his due process rights were violated by his continued detention and that he was therefore deprived of a fair trial, we conclude that he has inadequately briefed the issue because he failed to discuss the factors specific to him to demonstrate a violation occurred. *See* TEX. R. APP. P. 38.1(i); *see also Ex parte Williams*, No. 03-20-00457-CR, 2021 WL 1583882, at *8 (Tex. App.—Austin April 23, 2021, no pet.) (mem. op., not designated for

13

publication) ("When deciding whether continued detention violates a detainee's due-process rights, courts should consider factors relevant to the initial detention decision, including 'the seriousness of the charges, the strength of the government's proof that the defendant poses a risk of flight or a danger to the community, and the strength of the government's case on the merits' as well as 'additional factors such as the length of the detention that has occurred or may occur in the future, the non-speculative nature of future detention, the complexity of the case, and whether the strategy of one side or the other occasions the delay.'") (quoting *United States v. Hare*, 873 F.2d 796, 801 (5th Cir. 1989)). Instead, he discusses the negative effects of pretrial detention on defendants in general in both of his briefs. Moreover, the trial court invited Alvarez to put on evidence related to the bond issue, but he did not. Accordingly, we overrule Alvarez's second issue.

## IV. CONTINUANCE

By his third issue, Alvarez contends that "[a]fter the appellate court ordered release on personal recognizance bond[,[6]] . . . the trial court err[ed] in denying the motion to continue." The State responds, in a footnote, that "[t]he instant record does not reflect compliance with [Texas Code of Criminal Procedure] Articles 29.03 and 29.08."

### A. Standard of Review and Applicable Law

"The granting or denying of a motion for continuance is within the sound discretion of the trial court." *Renteria v. State*, 206 S.W.3d 689, 699 (Tex. Crim. App. 2006) (citation omitted). A trial court's decision to deny a motion for continuance is reviewed under an

---

[6] We did not order Alvarez released on a personal recognizance bond in 2024. Instead, we held that Alvarez "must be released either on personal bond or by reducing the amount of bail required." *Ex parte Alvarez*, No. 13-23-00378-CR, 2024 WL 2970836, at *1 (Tex. App.—Corpus Christi–Edinburg June 13, 2024, no pet.) (mem. op., not designated for publication) (quoting TEX. CODE CRIM. PROC. ANN. art. 17.151)).

abuse of discretion standard. *Hernandez v. State*, 585 S.W.3d 537, 560 (Tex. App.—San Antonio 2019, pet ref'd); *see also Moran v. State*, No. 13-22-00454-CR, 2024 WL 1328206, at *2 (Tex. App.—Corpus Christi–Edinburg Mar. 28, 2024, no pet.) (mem. op., not designated for publication).

Article 29.03 of the Texas Code of Criminal Procedure states that "[a] criminal action may be continued on the written motion" of either party "upon sufficient cause" which must "be fully set forth in the motion." TEX. CODE CRIM. PROC. ANN. art. 29.03. Additionally, "[a]ll motions for continuance must be sworn to by a person having personal knowledge of the facts relied on for the continuance." *Id.* art. 29.08. "[A]n unsworn oral motion preserves nothing for appeal." *Blackshear v. State*, 385 S.W.3d 589, 591 (Tex. Crim. App. 2012); *Anderson v. State*, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009) ("[I]f a party makes an unsworn oral motion for a continuance and the trial [court] denies it, the party forfeits the right to complain about the [trial court's] ruling on appeal." (citations omitted)).

## B.    Analysis

Because Alvarez's motion for continuance "to resolve the bond issue" was oral and unsworn, he has preserved nothing for our review. *See Blackshear*, 385 S.W.3d at 591; *Anderson*, 301 S.W.3d at 281; *see also Moran*, 2024 WL 1328206, at *2 (explaining that to the extent appellant argues the trial court should have granted his oral motion for continuance, "[i]t is well established that an unsworn, oral motion for continuance preserves nothing for review"). Therefore, without addressing the merits, we overrule

Alvarez's third issue.

## V. CONCLUSION

We affirm.

JENNY CRON
Justice

Publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
30th day of October, 2025.