NO. 07-09-0077-CR

NO.
07-09-0078-CR

NO.
07-09-0079-CR

NO.
07-09-0080-CR

 

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
B

 

                                                                 JULY
20, 2010

                                            ______________________________

 

                                                        SIDNEY LYNN WEEKS, 

 

                                                                                                            Appellant

 

                                                                             v.

 

                                                        THE STATE OF TEXAS, 

 

                                                                                                            Appellee

                                         _________________________________

 

                     FROM THE 46TH
DISTRICT COURT OF HARDEMAN COUNTY;

 

                  NOS. 4088, 4089, 4090, 4091;
HON. DAN MIKE BIRD, PRESIDING

                                           _______________________________

 

Memorandum Opinion

_______________________________

Before
QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

            Sidney Lynn Weeks (appellant)
appeals his four convictions for aggravated sexual assault.  Via twelve issues, he contends that the trial
court erred in 1) denying his motion for severance, 2) denying his motion to
suppress, 3) admitting extraneous evidence, and 4) refusing to charge the jury
per art. 38.22 of the Texas Code of Criminal Procedure.  He also asserts that the evidence was
insufficient to support the four convictions. 
We affirm.

                                                                  Background

       
The circumstances before us involve appellant’s repeated sexual assaults
upon his stepdaughter while she was between the ages of thirteen and sixteen.  When finally contacted, the police began an
investigation into the crimes.  Pursuant
thereto, law enforcement officials called appellant and advised him that he was
being investigated.  Eventually, a
meeting was arranged between appellant and a DPS ranger (Foster); but when same
was scheduled via phone, appellant was not advised of his Miranda rights.   Nevertheless, the two did meet in person,
and at the meeting, appellant was mirandized
before providing the ranger with a statement. 
Moreover, during the exchange, the ranger advised appellant that he was
subject to punishment anywhere from probation to ninety-nine years in prison
and that the district attorney would be told of appellant’s cooperation in the
investigation if a statement was given.    

  
   At trial, the victim testified,
as did Foster.  Furthermore, the trial
court admitted appellant’s written statement, though his oral comments were
excluded.  Ultimately, the jury found him
guilty of all four charges.

Issues One and Six

    
We address issues one and six since they are logically connected.  Via issue one, appellant contends that the
trial court erred by refusing to sever each count into separate trials.  This allegedly was wrong because the
admission of extraneous offenses somehow prejudiced him.  Via his sixth issue, he posits that it was
error to admit the extraneous offenses. 
We overrule the issues. 

      Regarding the admission of the extraneous
offenses, the latter consisted of instances wherein appellant engaged in “anal
and oral” sex with the victim.  This
should have been excluded, according to appellant.  Yet, evidence of extraneous acts involving
the accused and the victim may be admissible under art. 38.37 of the Code of Criminal Procedure.[1]  Appellant does not explain why that statute
is inapplicable.  Moreover, the State contends
that the instances in question had a bearing on relevant matters such as the
state of mind of both appellant and victim and the nature of their prior
relationship.   The trial court’s
agreement with the State did not fall outside the zone of reasonable
disagreement.  See Hernandez v. State, 205 S.W.3d 555,
558 (Tex. App.–Amarillo 2006, pet. ref'd) (stating that the standard of review
for issues encompassing the admission of evidence is that of abused discretion
and discretion is abused when the decision falls outside the zone of reasonable
disagreement).  

            The inappropriate relationship
between appellant and his stepdaughter covers several of the youth’s teenage
years and evinced frequent assaults.  As
such, it could be viewed as relevant to the relationship between the two and
their respective states of mind.  The
statements could also be viewed as tending to rebuff appellant’s attack upon
the victim’s credibility.  He did ask the
jury to ponder upon why she waited so long to  disclose the supposed misconduct and
why it was disclosed during an argument with the assailant’s wife (i.e. the victim’s mother).  Implicit therein is the suggestion that maybe
the events were fabricated.  Admitting appellant’s
own comments about the nature and extent of the sexual activities in which the
two engaged would serve to illustrate that the victim did not simply fabricate
the incidents.  See Smith v. State, No. 07-05-0277-CR, 2007 Tex. App. Lexis 6004 *3-6 (Tex. App.–Amarillo
July 30, 2007, pet. dism’d) (not designated for
publication) (wherein the court held that it was not error to admit instances
of prior sexual activity between the accused and appellant, despite an
objection founded on Rule 403, because, among other things, the evidence tended
to bolster the victim’s credibility).  

            We further note that it was within
the realm of reason to deduce that while reference to “anal and oral” sex may
carry with it prejudicial effect, that effect would be no greater than the
impact arising from the evidence of appellant engaging in vaginal intercourse
with his thirteen-year-old stepdaughter. 
And, no one can deny that the latter evidence was admissible given the
allegations contained in the indictment. 
So, we cannot say that the trial court abused its discretion in finding
the evidence both relevant and admissible despite appellant’s Rule 401, 403,
and 404(b) objections.[2]  See Hitt v. State, 53 S.W.3d 697, 704-05 (Tex. App.–Austin
2001, pet. ref'd) (recognizing that, in cases
involving the sexual abuse of children, article 38.37, section 2 supersedes the
application of Texas Rules of Evidence 402 and 404).  

            As for the matter of severance,
appellant concedes that the causes were properly joined.  However, he posits that they should have been
severed because their joinder caused him to suffer
prejudice.  The prejudice, in his view,
arose from the State’s use of the aforementioned evidence of extraneous
offenses.  How severance would have
precluded the State from invoking art. 38.37 went unexplained, however.  Indeed, having concluded above that the trial
court did not abuse its discretion in admitting the evidence when the causes
were joined, we have difficulty understanding why the same evidence would be
inadmissible if the causes were tried separately.  Nor does appellant address that.  So, under the circumstances before us, the
trial court cannot be said to have abused its discretion in trying the causes
together.  Salazar v. State, 127 S.W.3d 355, 365 (Tex. App.–Houston
[14th Dist.] 2004, pet. ref’d) (noting
that the pertinent standard of review is one of abused discretion).

Issues
Two through Five - Admission of Appellant’s Confession and the

 Evidence of the Extraneous Offenses Therein

 

            Appellant next contends that the
trial court erred in admitting his written statement into evidence.  This was so, according to him, because the
statement 1) was involuntary, and 2) was obtained in a manner that violated due
process and article 38 of the Texas Code of Criminal Procedure.  We disagree and overrule the issues.

Regarding
the issue of voluntariness, appellant suggests his statement was involuntary
because it was given in response to the ranger’s promise to speak with the
district attorney if appellant cooperated and his representation that the crime
for which appellant was being investigated could carry a sentence ranging from
probation to ninety-nine years in prison. 
Neither of these grounds was urged at trial as basis for finding his
confession less than knowing and voluntary, however.  That is, he did not argue that the confession
was involuntary because it arose from a promise or representation of the type
which would induce someone to speak untruthfully.  Therefore, this particular argument was not
preserved for review.  Heidelberg v. State, 144 S.W.3d 535, 537
(Tex. Crim. App. 2004) (stating that the
legal basis of a complaint raised on appeal cannot vary from that raised at
trial).

            As for due process and article 38 of
the Code of Criminal Procedure, both were purportedly violated because
appellant was not mirandized
prior to undergoing the custodial interview.  
This is allegedly true even though the ranger actually mirandized appellant before he
signed his confession.  We find no error.  

            It is clear that a suspect
undergoing custodial interrogation must be warned of his right to remain
silent, his right to have legal counsel, his right to have counsel appointed if
he is impoverished, and of the potential consequences arising from his refusal
to remain silent.  Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Such warnings are
not necessary, though, if the interview occurs outside the realm of custodial
interrogation.  Herrera v. State, 241 S.W.3d 520, 526
(Tex. Crim. App. 2007).    The
trial court found, after conducting an evidentiary hearing, that the statement
at bar was not the product of such an interrogation.  And, we find no fault with that
determination.  

According
to the record, the police chief contacted appellant about meeting to review the
allegations raised by his stepdaughter. 
Appellant agreed and appeared at the offices of the Department of Public
Safety.  There he met with Ranger Foster
for one hour and forty-nine minutes. 
Foster testified that appellant was free to go at any time and that if
he left, the ranger would have simply continued his investigation without
appellant.  So too did the ranger testify
that appellant was not denied any basic necessity such as “food, or water, or
cigarettes or anything like that.”  And,
once the interviewed ended, appellant left.  
It may well be that appellant was a suspect in an ongoing investigation.  But being a suspect alone does not cause any
ensuing interview to rise to the level of custodial interrogation.  Meek v. State, 790 S.W.2d 618, 621
(Tex. Crim. App. 1990) (citing Beckwith v. State, 425 U.S. 341, 96 S.Ct. 1612, 48 L.Ed.2d 1 (1976)); accord, Samuel v. State, No. 02-08-341-CR, 2010 Tex. App. Lexis 1372, *17 (Tex. App.–Fort
Worth February 25, 2010, no pet.) (not designated for
publication) (stating the same).   Moreover,
we cannot forget that appellant was actually mirandized before executing his written
confession.  And, upon receiving those
warnings, he not only indicated to the ranger that he understood them but also
that he wished to proceed without counsel. 


Missing
from the record is any evidence of threats. 
Nor do we have before us evidence of appellant being physically
restrained in any manner.   And, that
Foster informed appellant about the potential range of punishment for the
alleged offense and stated he would let the district attorney know that
appellant cooperated falls short of evincing psychological coercion.  Indeed, appellant himself characterized the
representations (in his appellate brief) as “seem[ing]
innocuous enough.”  Furthermore, they could
have been reasonably interpreted, by the trial court, as an effort to impress
upon appellant the gravity of the situation and as a means of fully informing
him of potential ramifications arising from the allegation.  In other words, the ranger may have simply
been attempting to provide appellant with all the information available to
assist him in making an informed choice. 
And, if placed within that perspective, we cannot say that they alone or
in conjunction with the other circumstances then present somehow obligated the
trial court to conclude that appellant was neither free to leave nor able to
terminate the interview at will.  

            Simply put, the trial court had
basis to legitimately conclude that the interview was not tantamount to a
custodial interrogation.  As stated in Martinez v. State, 131 S.W.3d 22 (Tex.
App.–San Antonio 2003, no pet.), when the
circumstances show that the individual acts upon the invitation or request of
the police, and there are no threats, express or implied, that he will
be forcibly taken, then that person is not in custody at that time.  Id. at 32.  Those are
the indicia here.  Thus, the decision to
deny suppression of the statement because appellant was not mirandized at the beginning of the interview was not
error.    

Issue Eleven – Jury Charge

            Via issue eleven, appellant asserts
that the trial court erred by failing to submit a limiting instruction to the
jury regarding the purposes for which it could consider the evidence of the
aforementioned “anal and oral” sexual acts. 
We disagree and overrule the issue.

            The party opposing effort to admit
evidence admissible for a restricted purpose has the burden of requesting a
limiting instruction when the evidence is introduced.  Hammock v. State, 46 S.W.3d 889, 895 (Tex. Crim. App. 2001).  That is, to be effective, such an instruction
must be given when the evidence is admitted. 
See Rankin v. State, 974 S.W.2d 707, 712 (Tex. Crim. App. 1996).  If it is not, then the information simply
becomes part of the general evidence and may be considered by the jury for all
purposes.  See Garcia v. State, 887 S.W.2d 862, 878 (Tex.
Crim. App. 1994).  We say this since appellant
did not request a limiting instruction before, during or immediately after the
written confession was offered, admitted into evidence, and read to the
jury.  Consequently, his statement was
admitted for all purposes.  See Hammock v. State, 46 S.W.3d at 895
(holding that when a party fails to ask for a limiting instruction until later
in the trial, the evidence is admitted for all purposes); Jones v. State, 119 S.W.3d 412, 424 (Tex. App.–Fort
Worth 2003, no pet.) (holding that when a party
requests a limiting instruction concerning a witness's testimony after the
witness testifies, the evidence is admitted for all purposes).  

Issues Seven through Ten –
Sufficiency of the Evidence

            In his next four issues, appellant
contends that the evidence is both legally and factually insufficient to
establish that he had engaged in sexual intercourse with the victim when she was
fourteen or younger and seventeen or younger. 
We overrule each issue for several reasons.

            First, the assertion is premised on
the exclusion of his confession.  Since
we overruled the issues attacking the trial court’s decision to admit the
confession, the foundation of his argument is missing.  

            Second, within the
confession lay appellant’s own admission to engaging in sexual intercourse with
the child.  To this we add the
child’s own testimony about her age when the two first coupled, i.e. thirteen years old.  Those activities continued, according to the
victim, during the time the family lived in both Quanah and Wichita Falls.   So too did appellant’s stepdaughter testify
that after she left Wichita Falls and returned to Quanah at the age of sixteen,
appellant picked her up from work.  On
the way home, he told her that he would make her get out of the car and walk if
she did not have sex with him.  She
complied with the demand, according to the girl.  

            It is well settled that "[t]he
testimony of a victim [,] standing alone, even when the victim is a child, is
sufficient to support a conviction for sexual assault."  Ruiz v.
State, 891 S.W.2d 302, 304 (Tex. App.–San Antonio 1994,
pet. ref'd) (citing Villalon v. State, 791 S.W.2d 130 (Tex.Crim.App.1990)).  Here, the child’s own words coupled with
appellant’s confession constituted some evidence from which the jury could
rationally deduce beyond reasonable doubt that the victim was fourteen and
under when the sexual activity began and continued while she was between the
ages of fifteen and seventeen.  
Moreover, such a conclusion would not be supported by weak evidence, or overwhelmed
by contrary evidence, or manifestly unjust.

Issue Twelve – Jury
Instruction Pursuant to Art. 38.22

            Via his last issue, appellant posits
that he was entitled to a charge per art. 38.22, §7 of the
Texas Code of Criminal Procedure and that the trial court erred in refusing it
to him.   We overrule the
issue.  

             Per the aforementioned statute, when question
regarding the legality by which evidence is obtained “is raised by the
evidence, the trial judge shall appropriately instruct the jury, generally, on
the law pertaining to such statement."  
Tex. Code Crim.
Proc. Ann. art. 38.22, §7 (Vernon 2005). 
If no such evidence (irrespective of whether it is strong, weak,
contradicted, impeached or unbelievable) exists, then it is not error to omit
such an instruction.  Muniz v. State, 851 S.W.2d 238, 254
(Tex. Crim. App.1993).  By
evidence, it is meant evidence creating a fact issue encompassing the manner in
which the proof was secured.  See Madden v. State, 242 S.W.3d 504,
509-10 (Tex. Crim. App. 2007).  If no
such fact issue exists, then an instruction need not be given.  Id.  

            According to appellant, there
existed a fact issue as to whether he was in custody or whether he underwent a
custodial interrogation when providing his statement.  Yet, we are cited to nothing of record
illustrating that the factual circumstances from which his statement arose were
in dispute or otherwise contradicted. 
Nor did we find any such evidence. 
Instead, it appears that appellant simply wanted the jury to have the
opportunity to apply the test for what constitutes a custodial interrogation to
the undisputed evidence.  That falls
outside the scope of art. 38.22.   See Madden v. State, 242 S.W.3d at
511-13.    

Having
overruled each issue, we affirm the judgments of the trial court.

 

                                                            

                                                                        Brian Quinn

                                                                        Chief
Justice

 

Do not publish.

 











[1]According to that provision, “[n]otwithstanding Rules 404 and 405, Texas Rules of Evidence,
evidence of other crimes, wrongs, or acts committed by the defendant against
the child who is the victim of the alleged offense shall be admitted for its
bearing on relevant matters, including: (1) the state of mind of the defendant
and the child; and (2) the previous and subsequent relationship between the
defendant and the child.”  Tex. Code Crim. Proc. Ann. art. 38.37,
§2 (Vernon Supp. 2009).

 





[2]Rule 401 of the Texas Rules of
Evidence states: “’[r]elevant evidence’ means
evidence having any tendency to make the existence of any fact that is of
consequence to the determination of the action more probable or less probable
than it would be without the evidence.”  Tex. R. Evid. 401 (Vernon 2003). 
Rule 403 states: “[a]lthough relevant,
evidence may be excluded if its probative value is substantially outweighed by
the danger of unfair prejudice, confusion of the issues, or misleading the
jury, or by considerations of undue delay, or needless presentation of
cumulative evidence.”  And, Rule 404(b)
states:  “[e]vidence
of other crimes, wrongs or acts is not admissible to prove the character of a
person in order to show action in conformity therewith . . . .”








ellant's plea under article 1.15, such
error would be subject to harmless error analysis under Rule 44.2(b) of the
Texas Rules of Appellate Procedure.[6]  Menefee
v. State, 287 S.W.3d at 18.  Rule 44.2(b)
provides that non-constitutional error Athat does not affect substantial rights must be
disregarded.@  Substantial
rights are not affected by the trial error if the appellate court, after
examining the record as a whole, has a Afair assurance that the error did not influence the
[verdict of the fact finder], or had but a slight effect.@  Motilla
v. State, 78 S.W.3d 352, 355 (Tex.Crim.App. 2002); Solomon v. State, 49
S.W.3d 356, 365 (Tex.Crim.App. 2001); Johnson v. State, 967 S.W.2d 410,
417 (Tex.Crim.App. 1998).  In determining
whether or not the error influenced the verdict, or had but a slight effect, an
appellate court should consider everything in the record, including any
testimony or physical evidence admitted for the fact finder=s consideration, together with the nature and
character of the error and how that error might have contributed to the
verdict.  Morales v. State, 32
S.W.3d 862, 867 (Tex.Crim.App. 2000).  In
addition to the record as a whole, factors a reviewing court should consider
include the prosecution and defense theories and the closing arguments,
including whether or not the prosecution emphasized the error in its
argument.  Motilla, 78 S.W.3d at 355. 
Ultimately, the question is whether a reasonable probability exists that
the error moved the fact finder from a state of non-persuasion to one of
persuasion.  








Here, Appellant was charged with, and confessed
to the second degree felony offense of indecency with a child by
contact.  By virtue of a plea bargain agreement,
he pled guilty to the third degree felony offense of indecency with
a child by exposure.  After accepting the
benefits of the plea bargain for more than six years before the amended motion
to revoke community supervision was filed, Appellant is not suggesting that he
is innocent of the offense of indecency with a child by exposure or that he was
somehow tricked into pleading guilty to an offense that never occurred.  Furthermore, no one is suggesting that independent
evidence of his guilt does not exist or that the problem here is anything other
than carelessness on the part of the attorneys involved.  But for the failure of counsel and the court
to carefully read the plea papers, specifically the Stipulation of Evidence,
Appellant would not have before this Court the argument he now contends
should result in an acquittal.  In light
of the procedural posture of this case, it is hard to imagine how the lack of
substantiating evidence moved the trial court from a state of non-persuasion to
one of persuasion.  Furthermore, if this
Court were to grant Appellant the relief he requests, he would still face
prosecution for the more serious offense of indecency with a child by
contact.  From the totality of the
record, it strains credulity to somehow find that Appellant was harmed by this
error.  Therefore, even if we addressed
Appellant's first issue, any error would be harmless.

III.        Issue
Two – Attorney’s Fees

By his second issue, Appellant contends that because
the record does not contain sufficient evidence to demonstrate his financial
ability to offset the cost of court-provided legal services, the trial court
erred in ordering the reimbursement of attorney’s fees.  See Mayer v. State, 274 S.W.3d 898
(Tex.App.BAmarillo 2008, pet. granted).  Because this issue does not come within the
exception to the general rule that the validity of the original conviction
cannot be raised on appeal from an order revoking community supervision, Burrell, 492 S.W.2d at 482, we need not address that issue.

That said, a plea agreement
is generally held to constitute a contractual arrangement between the State and
the defendant.  State v. Moore,
240 S.W.3d 248, 251 (Tex.Crim.App. 2007). 
Moreover, A[w]hen a defendant agrees to the terms of a plea
bargain agreement he is deemed to have entered into the agreement knowingly and
voluntarily unless he shows otherwise.@  Moore, 240
S.W.3d at 251 (quoting Ex parte Williams, 637 S.W.2d at 947).  In the absence of any evidence establishing
Appellant did not knowingly and voluntarily agree to pay $250 in
court-appointed fees incurred in the original proceeding, the trial court
committed no error by accepting the plea agreement as some evidence of
Appellant=s willingness and ability to pay.  Appellant=s
second issue is overruled. 








Conclusion

The trial
court’s judgment is affirmed.  

 

Patrick A. Pirtle

    Justice 


 

Do not publish.













[1]Tex. Penal Code Ann. ' 21.11(a)(2)(A)
(Vernon 2003).





[2]Appellant originally raised a third
issue; however, due to an opinion issued by the Court of Criminal Appeals
subsequent to original briefing, he filed a Reply Brief wherein he
candidly withdrew that issue.  





[3]Tex. Code Crim. Proc. Ann., art.
1.15 (Vernon 2005).  Unless otherwise
indicated, this and all future references to articles refer to the Texas Code
of Criminal Procedure.





[4]Tex. Penal Code Ann. ' 21.11(a)(1) (Vernon 2003).





[5]At the commencement of the hearing,
the prosecuting attorney moved to amend the indictment to allege the offense of
indecency with a child by exposure. 
Without specifically granting the motion, the trial court proceeded to
receive Appellant=s plea of guilty to the Alesser offense of indecency with a
child by exposure.@





[6]Tex. R. App. P.
44.2(b).